# WALTER B. DOUGHERTY

*vs.*

## SUPERINTENDENT OF THE MARYLAND HOUSE OF CORRECTION.

*Justice of the Peace—Criminal Jurisdiction—Constitutionality of Act.*

The right to try a person charged with an offense punishable by the imposition of a maximum fine of five thousand dollars and a maximum sentence of imprisonment for five years can constitutionally be conferred upon a justice of the peace, when coupled with the right of appeal, and the right to a jury trial upon appeal.

*Decided November 21st, 1923.*

Review of decision of the Circuit Court for Harford County (HARLAN, J.).

Habeas corpus proceeding by Edwin H. W. Harlan in behalf of William B. Dougherty against the Superintendent of the Maryland House of Correction. The lower court ordered the discharge of said Dougherty, and subsequently, as provided by Code, art. 42, sec. 17, transmitted the papers in the case, together with a copy of its order and opinion, for review by the Court of Appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Lindsay C. Spencer, Assistant Attorney General,* with whom was *Alexander Armstrong, Attorney General,* on the brief, for the State of Maryland.

BRISCOE, J., delivered the opinion of the Court.

By Section 17 of Article 42 of the Code of Public General Laws of this State, it is provided in substance that when any judge of any court in this State, having jurisdiction, shall release or discharge any person brought before such court or judge, under the writ of *habeas corpus*, charged with the violation of the provisions of any act of assembly of this State, or section thereof, or of any article or section of the Code of Public General Laws or Public Local Laws of this State, upon the ground, or for the reason, that such act of assembly, or section thereof, or such article or section of the Code of Public General Laws or Public Local Laws, is unconstitutional and void, in whole or in part, because contrary to the Constitution or Bill of Rights of this State, or because contrary to the Constitution of the United States, it shall be the duty of the court or judge ordering such release or discharge for said cause to reduce his opinion to writing within five days after ordering said release or discharge, and to transmit the original papers in the case, together with a copy of its or his order of release or discharge and of his opinion under his hand and seal, to the Clerk of the Court of Appeals, and it shall be the duty of the Court to consider the papers so transmitted to the clerk, at the earliest practicable period, after its receipt, and to give its opinion in writing upon the case so presented, and the opinion so given shall have and possess the same authority as if the same was filed in a case formally heard and determined in said Court on appeal.

It appears that on the 12th of September, 1923, Walter B. Dougherty, the appellee in this case, was brought before JUDGE WILLIAM H. HARLAN, in the Circuit Court for Harford County, upon a writ of *habeas corpus*. The petition for the writ, and the return, showed that Dougherty had been convicted and committed to the Maryland House of Correction for operating a motor vehicle, knowing or having reason to believe that same had been stolen, in violation of section

157 of chapter 407 of the Acts of 1920, which provides, in part, that any person who shall operate or be an occupant of any motor vehicle which he knows or has reason to believe has been stolen, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than five hundred dollars ($500) nor more than five thousand dollars ($5,000), or by imprisonment for not less than sixty days, nor more than five years, or by both fine and imprisonment in the discretion of the court. This provision shall not be regarded as exclusive of other penalties prescribed by existing or any future law for the larceny or unauthorized use of a motor vehicle.

JUDGE HARLAN, in his opinion, held that this act of assembly, in so far as it conferred jurisdiction upon a justice of the peace to hear and determine the offense in the instant case, was unconstitutional and void, and discharged the prisoner.

The single question thus presented by the record, as stated by the State in its brief, is whether the right to try a person charged with an offense punishable by the imposition of a maximum fine of five thousand dollars and a maximum sentence of imprisonment for five years, can constitutionally be conferred upon a justice of the peace, when coupled with the right of appeal and the right to a jury trial upon such appeal. JUDGE HARLAN sets forth at length, in his opinion, the reasons for the conclusion reached by him and says:

"I know of no instance in Maryland where such jurisdiction has been conferred upon or exercised by a justice of the peace, and I do not think that the Legislature can constitutionally confer such jurisdiction on a justice of the peace. I feel that a party charged with such a serious offense is entitled from the moment of his arrest to a trial by jury and cannot be forced, against his will, to submit even to a hearing before a justice. The only power and duty of the justice is to commit him in default of reasonable bail (not such excessive bail as contemplated by this section), for the action of

the grand jury, if sufficient evidence is presented to make out a *prima facie* case.

"The party charged cannot be haled before the nearest justice and be compelled to submit to an immediate trial with only the right of appeal, even though that appeal gives him the right of trial by jury.

"He is entitled, before he can be called on to submit to the ignominy of a public trial, either before a justice of the peace or in the face of the community before a petty jury, to have the charge against him investigated by a grand jury; and, only when that body declares there is a reasonable basis for the charge can he be brought into court. For the reasons above stated, I determined that the act of assembly, so far as the charge before me was concerned, is unconstitutional and void, and the prisoner was discharged."

We do not concur in the conclusion reached by the learned judge below, that the act of assembly in this case, so far as the charge before him was concerned, was unconstitutional and void.

By section 12 of article 52 of the Code of Public General Laws, jurisdiction to hear, try and determine all prosecutions or proceedings for the recovery of any penalty for doing or omitting to do any act within their respective counties, the doing of which or the omitting to do which is made punishable under the laws of this State by any pecuniary fine or penalty or by imprisonment in jail or in the Maryland House of Correction, was conferred upon justices of the peace in a number of the counties of the State.

Similar statutes have been before this Court in a number of cases, and their constitutionality upheld and sustained. *Green* v. *State,* 113 Md. 451; *State* v. *Ward,* 95 Md. 122; *State, in re Glenn,* 54 Md. 572; *Crichton* v. *State,* 115 Md. 423.

In *Danner* v. *State,* 89 Md. 220, it was held that the act in question, so far as it conferred jurisdiction upon a justice of the peace to try and determine cases of petit larceny in

this State, was unconstitutional and void, because the offense of petit larceny was a felony and not a misdemeanor.

It will be seen that the offense for which Dougherty was convicted, and for which he had been sentenced to the House of Correction, was not a so-called penitentiary misdemeanor and the justice of the peace had jurisdiction to hear and determine the case. *State, in re Glenn,* 54 Md. 599; *Starliper* v. *State,* 126 Md. 295.

For the reasons stated, the order of the Circuit Court for Harford County will be reversed.

*Order reversed.*