The appellant, a prisoner detained on a criminal charge in the Wicomico County jail, has been denied a release after a hearing on a writ of habeas corpus directed to "John Doe, keeper of the county jail at Salisbury, Maryland," the judge presiding, Judge Eli Frank, finding *Page 242 
there was no such person as John Doe, keeper. What other facts, if any, were made to appear before Judge Frank, and whether he considered any other questions, is not stated.
In a record prepared for the appeal to this court there is an uncertified statement that the appellant was arrested and held under a warrant upon a charge on which he had been convicted and sentenced previously, but released on a previous writ of habeas corpus. Copies of warrants for the two arrests appear, and differ only in that the former is addressed to a police officer of the county, the latter to the county sheriff. On this record, the appellant contends he has been denied his constitutional rights under "XIV Amendment Article 5," evidently the Fourteenth and Fifth Amendments to the Constitution of the United States, the first of which secured him against deprivation of liberty without due process of law, and the second against being twice put in jeopardy for the same offense. And it is also contended that there has been a violation of article 42, section 13 of the 1939 Code, which provides that, after delivery upon a writ of habeas corpus, no person shall afterwards be imprisoned for the same offense except by the order or process of a competent court.
For authority for the appeal reference is made to the provision for review in this court of a question of constitutionality of a statute, when a prisoner held on a charge of violating it has been released below on the ground that the statute is unconstitutional. Code, art. 42, sec. 16; State v. Glenn,54 Md. 572, 593; Beall v. State, 131 Md. 669, 671, 103 A. 99;Dougherty v. Superintendent, 144 Md. 204, 205, 124 A. 870.
The sheriff being the officer in charge of the jail and prisoners in it (Beasley v. Ridout, 94 Md. 641, 52 A. 61;Bowie v. Evening News Co., 151 Md. 285, 297, 134 A. 214), the court for that reason alone properly refused to issue an order to the keeper of the jail, and would properly have refused it even if the keeper had been named. But the appeal to this court must be dismissed. No appeal *Page 243 
lies from an order on a writ of habeas corpus; it is not a final order or judgment, and is regarded as discretionary in the court below. As stated, the record does not show that a constitutional question, if any exists, was raised before Judge Frank, and if it did show it the fact would not render his decision any the less final. A court of original jurisdiction may if authorized decide a constitutional question finally. Norris v. State,158 Md. 700, 150 A. 261. And as for the cited statute providing a review in this court (article 42, section 16), it obviously has no application here, for the man has not been released and there is no question of constitutionality of a statute.
Appeal dismissed, counsel for the appellant personally to paythe costs of the appeal.