CHARLES P. PRICE, WARDEN, *v.* LILLIAN CLAWNS, ON BEHALF OF ETHEL CLAWNS

[No. 20, January Term, 1942.]

*Decided April 23, 1942. Per Curran, filed February 4, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General, J. Bernard Wells, State's Attorney,* and *Douglas N. Sharretts, Assistant State's Attorney for Baltimore City,* for the appellant.

*R. Palmer Ingram* for the appellee.

SLOAN, J., delivered the opinion of the Court.

This case is certified to this court in accordance with the requirements of Article 42, Section 16, of the Code, 1939, Act of 1880, Ch. 6, Sec. 17, because the applicant had been convicted and sentenced to the Baltimore City Jail under a statute which in the opinion of the judge hearing the application is void and unconstitutional.

Ethel Clawns, the applicant, was indicted, tried, convicted and sentenced for the violation of Sections 537 and 543, Article 27 of the Code, 1939. This is the first time this statute, now fifty years old, has been attacked. But time cannot validate an invalid statute. *Maryland Theatrical Corp. v. George J. Brennan, Secretary of Police Commissioner of City of Baltimore,* 180 Md. 377, 24 A. 2d. 911. The first count of the indictment was for the violation of Section 537, whereby it was charged that she "unlawfully did cling, climb, jump, and in divers

other ways unknown to the jurors aforesaid, get upon a certain part of a certain locomotive, engine and car, then and there being on a certain part of the track of a certain railroad within this State, to wit: The Baltimore and Ohio Railroad Company, a corporation, she, the said Ethel Clawns, in so doing, not acting then and there in compliance with law or any permission under the rules and regulations of the corporation, then and there operating and managing said railroad," etc. The indictment was not demurred to, nor was there a motion to quash it. On her trial she was acquitted under the second and third counts, found guilty under the first and fourth counts. Sentence was suspended, pending a motion for a new trial. The motion was overruled as to the first count and granted as to the fourth count, which charged the violation of Section 543. The State then entered a stet as to the fourth count, and the defendant was sentenced to five days in jail and $25 fine. An appeal was then taken to this court, and the judgment of the Criminal Court of Baltimore City affirmed. *Clawns v. State,* 179 Md. 644, 22 A. 2d 464. At the trial no attack was made on the statute, and on the appeal the only questions were on the admissibility of evidence. When the mandate of this court was returned to the Criminal Court, the defendant applied for a writ of *habeas corpus,* and at the hearing the only question raised by the applicant was the validity of Section 537 of Article 27. It was held that the section (537) under which Miss Clawns was convicted was void, and her release ordered. Whereupon the judge filed his reasons for her discharge in writing, and transmitted the original papers to this court in accordance with the provisions of Section 16 of Article 42 of the Code, 1939.

The State contends that even if the statute were invalid the applicant cannot now raise the question after having had an opportunity to attack it by demurrer in the Criminal Court. *Foote v. State,* 59 Md. 264, 266. The the writ of *habeas corpus* may be resorted to either be-State agrees that the great weight of authority is that

fore or after commitment for the violation of an unconstitutional statute (29 *C. J.* 35 and scores of cases there cited; 1 *Bailey on Habeas Corpus*, 1913 Ed., Sec. 37), but says that there is a respectable minority that holds the writ should not be granted after a trial and conviction. It has been held that where the constitutionality of a statute has been raised at the trial by demurrer and the demurrer overruled, the motion then becomes *res judicata*, and cannot be later raised in a collateral proceeding by *habeas corpus*. *Griffin v. Eeaves*, 114 Ga. 65, 67, 39 S. E. 913; *Blackstone v. Nelson*, 151 Ga. 706, 108 S. E. 114.

"The general rule is, that a conviction and sentence by a court of competent jurisdiction is lawful cause of imprisonment, and no relief can be given by *habeas corpus*.

"The only ground on which this court, or any court, without some special statute authorizing it, will give relief on *habeas corpus* to a prisoner under conviction and sentence of another court is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void." *Ex parte Siebold*, 100 U. S. 371, 375, 25 L. Ed. 717.

If the trial "court had jurisdiction of the party, and of the offense for which he was tried, and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further. * * *

"If the law which defines the offense and prescribes its punishment is void, the court was without jurisdiction, and the prisoners must be discharged." *Ex parte Yarbrough*, 110 U. S. 651, 653, 654, 4 S. Ct. 152, 153, 28 L. Ed. 274.

In this case there is no question of the regularity of the proceedings, nor could there be, of the competency of the court, or of the jurisdiction, if the statute is valid.

The part of the statute on which the first count of the indictment, Section 537, Article 27 of the Code, 1939, is: "Any person who shall * * * get upon any * * * car, or who shall be on any * * * car * * * of any railroad within this State unless in so doing he acts in compli-

ance with the law or by permission under the rules and regulations of the railroad, shall be guilty of misdemeanor," etc. The record in the former appeal (*Clawns v. State*, 179 Md. 644, 22 A. 2d 464) shows that the offense charged was for riding on a railroad train without paying her fare. Although she denied the charge, a jury found the applicant guilty.

In holding that a judge or court in this State could entertain a petition for *habeas corpus*, based on an unconstitutional statute, the judge in this case relied strongly on the case of *Quenstedt v. Wilson*, 173 Md. 11, 194 A. 354. In that case, Wilson had been sentenced to the House of correction by a justice of the peace of Prince George's County. Florence Wilson, on his behalf, applied for a writ of *habeas corpus*, and obtained his release, on the ground that the statute under which the justice who sentenced him had been appointed was unconstitutional and void; the papers and proceedings were transmitted to this court and the trial judge sustained. The State here contends that the *Quenstedt-Wilson Case* has no application because there was no attack on the statute, for the violation of which Wilson was tried, but was discharged because he was not tried by a *de jure* justice of the peace, whose appointment was held to be void, and the conviction was a nullity. The facts were not the same in the two cases. In the Wilson case the applicant was charged with the violation of a valid statute, but was committed by a justice of the peace whose appointment was under an invalid statute, and therefore illegal, and we there recognized *habeas corpus* as affording him proper relief.

In *State v. Glenn*, 54 Md. 572, the applicant's discharge was ordered, and on the hearing in this court, which is in the nature of an appeal, the order was reversed. In that case, however, the court laid down the rule generally held (54 Md., page 608) that "mere errors of irregularities, if there be any, committed by the justice within the sphere of his jurisdiction, cannot be inquired into collaterally on *habeas corpus.* * * * An imprisonment,

under a sentence by a court or magistrate of competent jurisdiction, is not unlawful, unless the sentence, for some cause to be made apparent, be not merely erroneous but an absolute nullity; thought if it be shown to be such nullity, the party is entitled to his immediate discharge. (*Bell v. State*), 4 Gill 301, (305), (45 *Am. Dec.* 130); (*Ex parte Watkins*), 3 Pet. 193, (7 L. Ed. 650); (*Ex parte Reed*), 100 U. S. 13, 23, 25 L. Ed. 538; *Comm. v. Lekey*, 1 Watts 66, (26 *Am. Dec.* 373)." It seems to us that the Glenn case decides that *habeas corpus* is the proper remedy where the sentence is shown to be a nullity.

The question then for decision here is whether the delegation of power to a railroad company is a delegation of the power to legislate. There are expressions in many cases in this court that "the Legislature cannot delegate its lawmaking power." *Brawner v. Supervisors,* 141 Md. 586, 598, 119 A. 250, 253; *Maryland Co-op. Milk Producers v. Miller,* 170 Md. 81, 182 A. 432; *Ulman v. Mayor, etc., of City of Baltimore,* 72 Md. 587, 20 A. 141, 21 A. 709, 11 *L. R. A.* 224. "Fundamental as this principle may be, it is subject to certain qualifications." *Bradshaw v. Lankford,* 73 Md. 428, 430, 21 A. 66, 11 *L. R. A.* 582, 25 *Am. St. Rep.* 602.

The appellee was indicted, tried and convicted by a jury, who were judges of the law and the fact, for getting on a train of the Baltimore and Ohio Railroad Company, a corporation of this State, not and there acting in "compliance with the law or by permission under the rules and regulations of the railroad." Art. 27, Sec. 537, Code, 1939. She was not indicted for the violation of any rule or regulation of the railroad company, but in fact for riding the train without paying her fare. That is a reasonable construction of the Act. It is a matter of common knowledge that any permission which the company can give is regulated by the Transportation Act, 49 U. S. C. A., particularly Section 1, Pars. (7), and (13). With the exception of employees, the company cannot allow any passengers to ride without paying fare,

otherwise it would subject itself to punishment if it did.

We do not find any unlawful delegation of power to a railroad in this case. There are many instances in which authority is lodged in and permitted to private persons by the Legislature. In *Scholle v. State,* 90 Md. 729, 46 A. 326, 50 *L. R. A.* 411, the appointment of two State Boards of Medical Examiners, one by the Medical and Chirurgical Faculty of Maryland, the other by the Maryland State Homeopathic Medical Society, was upheld by this court. In *Portsmouth Stove & Range Co. v. City of Baltimore,* 156 Md. 244, 144 A. 357, an ordinance authorizing the Health Commissioner to employ a non-resident and unofficial association for the purpose of making tests of gas appliances was upheld. Under the Federal Safety Appliance Act, 45 U. S. C. A., Sec. 1 et seq., the American Railway Association was authorized to designate the standard height of drawbars for freight cars. *St. Louis, Iron Mt. & Southern Railway Co. v. Taylor,* 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061.

But the applicant contends that Section 537 of Article 27, Code, 1939, puts it in the power of the railroad to say who may lawfully ride the trains and who would be criminals. The railroads cannot say who may ride trains free; the Transportation Act, *supra,* determines that.

Under Section 235, Article 56, of the Code, 1939, the State Roads Commission is "authorized and directed to designate main traveled and through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway," and making it unlawful for a driver to fail to stop.

By Section 152, Article 27, Code, 1939, one giving a worthless check, and who does not make it good within ten days, may be prosecuted for false pretense, but the holder is the one who decides whether there shall be a prosecution. There is an instance wherein one may or may not give out the information and have the offender punished.

We could cite many such cases, for, as the annotation in 79 L. Ed., U. S. 498 said: "The books are full of penal statutes the application of which depends upon the consent or non-consent of the victim described in the statute, or upon the creation or possession by a person or corporation of the subject matter or conditions upon which the crime operates. And it would seem to be immaterial whether or not creation or possession of the subject-matter on the condition is made a penal offense by the statute." In that note numerous cases are mentioned in support of the statement.

The trial judge laid great store by the case of *Jannin v. State*, 42 Tex. Cr. R. 631, 51 S. W. 1126, 62 S. W. 419, 53 *L. R. A.* 349, 96 *Am. St. Rep.* 821, but from what we said it can be inferred that we disagree with the decision and opinion in that case.

For the reasons given here a *per curiam* order reversing the order for the release of the applicant was passed shortly after the argument in this court.