JOHN A. HICKMAN *v.* PATRICK J. BRADY, WARDEN

[No. 79, October Term, 1946.]

104 

*Decided March 14, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*John A. Hickman, pro se., Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a refusal to issue a writ of *habeas corpus.*

Appellant is confined in the penitentiary under sentence of nine years imprisonment, on conviction under an indictment which charged that he unlawfully did break a specified "warehouse * * * with intent * * * certain goods and chattels in the said warehouse then and there being found * * * feloniously to steal, take and carry away." Article 27, sec. 34, 1943 Supplement, provides that every person who shall be convicted of "the crime of * * * breaking a storehouse, warehouse or other outhouse in the day or night with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of twenty-five dollars ($25.00) or more therefrom, shall be sentenced to the penitentiary for not more than ten years."

Appellant contends that he is imprisoned without due process, because the indictment does not charge any crime, *i.e.,* does not charge common-law burglary, since

it does not charge breaking and entering a dwelling house in the night. A sufficient answer to appellant's contention is that he was not convicted of common-law burglary, but of violation of the statute above quoted. *Bowser v. State,* 136 Md. 342, 110 A. 854. The charge of intent "feloniously to steal" certain goods is equivalent to the charge of "intent to steal property of sufficient value to make the larceny a felony, because if * * * he intended to steal property to the value of less than $25, it could not have been felonious." *State v. Wiley,* 173 Md. 119, 122, 194 A. 629, 630, 113 A. L. R. 1267. Thus the indictment charged, in the words of the statute or the equivalent, all the elements of the crime of "statutory burglary."

In thus disposing of this case, we do not intimate that if the indictment had been found defective, the writ of *habeas corpus,* after conviction and sentence, could serve the purpose of a demurrer to the indictment. *Dimmick v. Tompkins,* 194 U. S. 540, 552, 24 S. Ct. 780, 48 L. Ed. 1110.

*Order affirmed, without costs.*