LOUGHRAN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 21, October Term, 1948.]

720

*Decided February 17, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from an order remanding petitioner after hearing on a writ of habeas corpus. Petitioner is imprisoned under sentence of eight months for "larceny after trust". Acts of 1945, ch. 831, Code, 1947 Supplement, Art. 27, section 401A, makes punishable "any person who shall be entrusted with the possession of goods or things of value for the purpose of applying the same for the use and benefit of the owner or person who delivered the goods and things who shall fraudulently convert the same to his own use". Petitioner

says that in September, 1947, he sold a house and delivered possession on receipt of a deposit of $1,200, and because of a dispute between himself and a partner, who refused to execute a deed, has been unable to give a deed and has not returned the deposit; after trying since April to "settle" the purchaser's claim and civil litigation by refunding the $1,200 less a deduction for rent for possession by the purchaser, and after receipt of two letters threatening criminal proceedings if the $1,200 was not refunded on or before August 9th, which he was not able to do, he "took [his] vacation in the latter part of August and returned right after Labor Day and found the officers waiting for [him] with a warrant." His grounds for application for the writ were, and he proffered testimony to show, that: his acts do not constitute a crime but involve only a "civil controversy"; there was no competent or other evidence before the grand jury or at the trial legally sufficient to show any crime; the Act of 1945 does not cover petitioner's acts and (if it does) is unconstitutional because it violates the prohibition against imprisonment for debt (Maryland Constitution, art. 3, sec. 38) and thereby deprives petitioner of the equal protection of the laws and because it is too "vaguely worded" to define a crime; trial by jury cannot be waived in Maryland, and *Rose v. State,* 177 Md. 577, 10 A. 2d 617, should be overruled; at the trial petitioner's fundamental right was violated by the prosecutor by improperly and untruthfully indicating to the court that petitioner was wanted by the Federal Bureau of Investigation as a criminal; consequently the indictment, trial and sentence were all a nullity and the trial a "sham and a pretense", and are reviewable on habeas corpus. The judge refused petitioner's proffers of testimony and remanded petitioner, for the reason that the grounds for application for the writ all amounted to an attempt to retry the criminal case, which we have repeatedly held cannot be done. *State v. Glenn,* 54 Md. 572; *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807; *Bernard v. Warden of Maryland House of Correction,* 187 Md. 273, 49 A. 2d

737; *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 847, and many other cases. This action was correct.

The record contains a transcript of the hearing on habeas corpus but no copy of the indictment or proceedings in the Criminal Court. Habeas corpus cannot serve the purpose of a demurrer to an indictment. *Dimmick v. Tomkins,* 194 U. S. 540, 552, 24 S. Ct. 780, 48 L. Ed. 1110; *cf. Hickman v. Brady,* 188 Md. 103, 52 A. 2d 72. We express no opinion as to the construction of the Act of 1945. The legal sufficiency of evidence before the grand jury, if reviewable at all, is not reviewable on habeas corpus. *Bernard v. Warden of Maryland House of Correction,* 187 Md. 273, 280, 49 A. 2d 737. The competency of evidence before the grand jury is not reviewable at all. *Pick v. State,* 143 Md. 192, 121 A. 918.

Section 17 of Chapter 6 of the Acts of 1880, Code of 1939, art. 42, sec. 16, provided that whenever any person charged with violation of any statute is discharged under the writ of habeas corpus upon the ground that the statute is unconstitutional, the case should be reviewed by this court. Most of the cases so reviewed by this court were cases in which convictions by justices of the peace had on habeas corpus been held void on constitutional grounds. *State v. Glenn,* 54 Md. 572; *Beall v. State,* 131 Md. 669, 103 A. 99; *Daugherty v. Superintendent,* 144 Md. 204; *Day v. Sheriff,* 162 Md. 221, 159 A. 602; *Quenstedt v. Wilson,* 173 Md. 11, 194 A. 354. In the first three cases this court held the statutes constitutional and reversed the orders in question. In the last two cases the orders were affirmed on the ground that the statutes conferring jurisdiction on the particular justices were unconstitutional. In *Price v. Clawns,* 180 Md. 532, 535, 537, 25 A. 2d 672, a conviction in the Criminal Court, which had been affirmed on appeal by this court, had later on habeas corpus been held void because the statute creating the crime was unconstitutional. This court held the statute constitutional and reversed the order, but quoted *State v. Glenn,* 54 Md. 572, 608, as deciding that habeas corpus is the proper remedy where a sentence is

shown to be not merely erroneous but a nullity, and quoted *Ex parte Siebold,* 100 U. S. 371, 375, 25 L. Ed. 717 and *Ex parte Yarbrough,* 110 U. S. 651, 654, 4 S. Ct. 152, 28 L. Ed. 274, as apparently holding that in case of conviction under an unconstitutional statute the court is without jurisdiction and the sentence is therefore a nullity. The Supreme Court has since held that the judgment of a superior court of general jurisdiction, which has power to decide all questions involved in a case before it, including constitutional questions and questions as to its own jurisdiction, is not a nullity and ordinarily will be reviewed only on appeal and not on habeas corpus, though (with respect to prosecutions for federal offenses) the federal courts have discretionary power (exercised in exceptional cases not clearly defined) to review on habeas corpus convictions under unconstitutional statutes and in other cases which might have been reviewed on appeal. *Glasgow v. Moyer,* 225 U. S. 420, 429, 32 S. Ct. 753, 56 L. Ed. 1147; *Bowen v. Johnston,* 306 U. S. 19, 26-27, 59 S. Ct. 442, 83 L. Ed. 455; *Sunal v. Large,* 332 U. S. 174, 177-182, 67 S. Ct. 1588, 91 L. Ed. 1982.

This Court has always held that habeas corpus is not a proper remedy when the remedy by appeal is or was available and the judgment is not a nullity. We see no reason for not adhering to this rule in cases of conviction under an unconstitutional statute in a superior court of general jurisdiction. In the instant case any question as to the constitutionality of the Act of 1945 could have been just as easily raised and as fully and effectively heard and decided in the Criminal Court as any other question of law or fact in the course of the trial, and would have been subject to review on motion for a new trial and on appeal, and is not subject to review on habeas corpus.

In exceptional cases where fundamental rights have been violated in the course of the trial, and such violation has not only resulted in conviction, but has likewise prevented resort to the remedy of appeal, the writ of habeas

corpus may be the only effective means of preserving such rights. *Waley v. Johnston,* 316 U. S. 101,, 62 S. Ct. 964, 86 L. Ed. 1302; *Marino v. Rogen,* 332 U. S. 561, 68 S. Ct. 240; *Olewiler v. Brady,* 185 Md. 341, 344, 345, 44 A. 2d 807.

In this court two briefs have been filed for petitioner, one by counsel who acted for him below and one by petitioner himself, who complains of inadequate representation by counsel in the Criminal Court. He says he was tried while his present counsel was out of the city; his employer sent his attorney to defend petitioner; the attorney failed to take sufficient interest in the case, failed to summon witnesses and told petitioner's wife he would not file a motion for a new trial; petitioner wrote to the judge from jail, asking a new trial, but the letter was received too late. It is not alleged that petitioner at the trial asked for postponement on account of absence of his counsel or made any complaint about the lawyer who appeared for him, or that the lawyer's conduct or misconduct was due to collusion with any State's officer.

*Application denied, without costs.*