## STATE EX REL. BEARD v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 4, October Term, 1949.]

*Decided June 28, 1949.*

Before MARBURY, C. J. and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from an order refusing to grant a writ of habeas corpus.

The record in this case makes no reference whatever to the case in which the applicant was indicted, tried, convicted and sentenced, but we must assume that he was indicted by a legally constituted grand jury for the illegal possession of narcotics, tried by a court of competent jurisdiction, convicted and sentenced, there being nothing in the record to the contrary.

The only point attempted to be raised is that the police officers came to his room in a boarding house and, without a warrant for his arrest or a search warrant, illegally searched his room and found narcotics. There is nothing in the record that states that the evidence discovered by the officers in their search was offered in evidence and admitted by the court over objection and an exception taken to the ruling. *Wright v. Swenson*, 191 Md. 762, 62 A. 2d 573.

The illegal possession of narcotics is made unlawful by section 329 of Article 27, Code 1939, and penalty therefor is prescribed in section 352 of that Article. It is a misdemeanor and insofar as evidence resulting from an illegal search and seizure is concerned, section 5, Article 35, Code 1939 governs prosecutions for misdemeanors. This section, however, is specifically made inapplicable to prosecutions under the state narcotic laws by section 351 of Article 27 of the Code.

We cannot assume that his trial was a nullity, but on the contrary, the presumption is that it was legal. If the applicant had taken an exception to the introduction of the evidence illegally procured by the officers, on an appeal from judgment and sentence the matter would have been reviewed by this court. The record does not

show that this was done, and his confinement is lawful.

The 4th and 5th Amendments to the Constitution of the United States are limitations upon the Federal Government, and do not apply to the States. *Johnson v. State,* 193 Md. 136, 66 A. 2d 504.

Of course, if a trial is a nullity, or is conducted in such a way as to prevent an accused from having a fair and impartial trial, or if a fundamental right is denied, there would be a violation of the due process clause of the 14th Amendment, and the Supreme Court would review. *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595.

There is nothing in the record that any of these things occurred at the trial of the applicant. "This court has always held that habeas corpus is not a proper remedy when the remedy by appeal is or was available and the judgment is not a nullity." *Loughran v. Warden* etc., 192 Md. 719, 724, 64 A. 2d 712, at page 715.

*Application denied, without costs.*