## WINEGARD *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 10, October Term, 1949.]

*Decided December 7, 1949.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from an order remanding petitioner after hearing on a writ of habeas corpus. Petitioner is imprisoned under sentence of twenty years, apparently for robbery with a dangerous or deadly weapon, (Code, Art. 27, sec. 558), and two concurrent ten year sentences for other offenses. In 1944 he and his brother and another were jointly indicted, tried and convicted. At the trial he was represented by counsel, who also represented his brother. At the hearing on habeas corpus, and on this application for leave to appeal, he is represented by different counsel. The record contains a transcript of the hearing on habeas corpus but no copy of the proceedings, indictments or docket entries in the Criminal Court and no statement by the judge of the grounds of the application for habeas corpus, the questions involved and the reason for remanding petitioner. 1947 Supplement, Art. 42, sec. 3B.

Petitioner's grounds for application for habeas corpus or for leave to appeal are that: (1) the sentence is void because it was imposed "during a luncheon recess" and "before the public had been given an opportunity to return to the court room", and while the court was not in session; (2) the statute, (Art. 27, sec. 558), is unconstitutional because it permits cruel and unusual punishment; (3) trial by jury cannot be waived and *Rose v. State*, 177 Md. 577, 10 A. 2d 617, should be overruled; (4) false testimony was "deliberately used" by State officials to obtain his conviction; (5) his conviction was also due to mistaken identity; (6) he was unable to appeal from his conviction because of expense and lack of provision in Maryland for appeal *in forma pauperis* in a non-capital case. For aught that appears to the contrary, the judgments are regular in form. Vague

701

testimony of petitioner and his co-defendants falls far short of showing that the sentences were not imposed, as they ostensibly must have been, while "the court was in session". Petitioner's brother testifies that a statement, in which he implicated petitioner, had been obtained from him by the police by duress. There is nothing to indicate that this statement was admitted in evidence as against petitioner. There is nothing to show that the facts with respect to any of the points now made were learned too late to make these points in the trial court; the contrary appears. A criminal case cannot be retried on habeas corpus. A judgment of a superior court of general jurisdiction, which has power to decide all questions involved in a case before it, including constitutional questions and questions as to its own jurisdiction, is not a nullity. In Maryland habeas corpus is not a proper remedy when a remedy by appeal is or was available and the judgment is not a nullity. *Loughran v. Warden of House of Correction,* 192 Md. 719, 64 A. 2d 712. Mere lack of a right of appeal *in forma pauperis,* certainly in the circumstances of the instant case, does not constitute an exception to this rule.

*Application denied, without costs.*