STATE EX REL. SWIETKOSKI ET AL. *v.* SWENSON, WARDEN

[H. C. No. 38, October Term, 1949.]

*Decided April 12, 1950.*

Before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a refusal of a writ of *habeas corpus.* The petitioners were indicted in the Federal District Court on November 4, 1947, on a charge of possessing and transporting distilled spirits with intent to defraud the United States of taxes,

tried and convicted on January 19, 1948. Imposition of sentence was deferred "until disposition of cases pending against them in [the] State courts of Baltimore." Meanwhile, the petitioners were indicted on January 9, 1948 by the Grand Jury of Baltimore City, on a charge of larceny of sugar. On February 6, 1948, they were tried and convicted in the State court and each sentenced to three years imprisonment and $2,000 fine. On February 13, 1948, they were sentenced by the District Court.

The petitioners contend (1) that they were deprived of a constitutional right by being compelled to stand trial in the State court before the trial in the Federal court had been concluded and (2) that the indictments upon which they were tried in the State court were fatally defective, in that they were not signed by the State's Attorney, although his name appeared thereon in typewritten form. It was conceded that the indictments were endorsed "a true bill" over the signature of the foreman of the Grand Jury.

We find no merit in either contention. Judge Warnken, who heard the petitions, pointed out that petitioners made no objection or motion for postponement at the time of the trial, and there was no showing of prejudice in the presentation of their defense. No question is presented as to a conflict of jurisdiction between the State and Federal courts.

In *Gillespie v. State,* 147 Md. 45, 65, 127 A. 727, 735, the validity of an indictment was sustained on appeal against the objection that it was not signed by the foreman of the Grand Jury. While recognizing a practice, not based on any statute, that indictments be signed by both the foreman of the Grand Jury and the State's Attorney, it was said: "The purpose and reason for the indorsement and signature is to identify the indictment and to attest the fact that it is the act of the grand jury, and if those facts appear from any other satisfactory source it is enough." By a parity of reasoning, it has been held that in the absence of statute the failure of the prosecutor to sign an indictment is not fatal, even

710

where the objection is properly raised on appeal. In *re Lane*, 135 U. S. 443, 10 S. Ct. 760, 34 L. Ed. 219; *Commonwealth v. Stone*, 105 Mass. 469. It has also been held that a typewritten authentication is sufficient. *Miller v. State*, 36 Tex. Cr. R. 47, 35 S. W. 391. In any event, we think the lack of signature does not go to the jurisdiction and is not such a defect as can be raised for the first time on *habeas corpus*. *Cf. Bridge v. Wright*, 192 Md. 709, 63 A. 2d 628; *Longhran v. Warden of Maryland House of Correction*, 192 Md. 719, 64 A. 2d 712; *Winegard v. Warden*, 194 Md. 699, 69 A. 2d 685.

*Application denied, without costs.*