## WILSON *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. 45, October Term, 1950.]

*Decided May 16, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from refusal of a writ of *habeas corpus* by Honorable Frederick Lee Cobourn, Associate Judge of the Circuit Court for Harford County. Apparently nine previous petitions for the writ have been filed by this Petitioner and have been denied and one appeal to this Court. *Wilson v. Warden,* 195 Md. 20, 72 A. 2d 685.

On December 15, 1947, having been found guilty in the Criminal Court of Baltimore under a larceny charge, petitioner was sentenced by Honorable J. Abner Sayler, Associate Judge of the Supreme Bench of Baltimore City, to serve five years in the Maryland Penitentiary. As to this charge, petitioner claims that he was denied a jury trial and the right to have witnesses testify on his behalf.

On March 16, 1949, having been found guilty in the Criminal Court of Baltimore of attempted escape from the Baltimore City Jail, petitioner was sentenced by Honorable Robert France, Associate Judge of the Supreme Bench of Baltimore City, to a term of ten years in the Maryland Penitentiary. The petition does not set forth whether this sentence was concurrent with or consecutive to the previous sentence. Petitioner claims that the ten year sentence imposed by Judge France was illegal. Petitioner fails to allege that he called, or

asked permission to call, his own witnesses nor does he allege what these witnesses would have said if called.

As to his claim that he was denied a jury trial, it was said in *Winegard v. Swenson, Warden,* 194 Md. 699, 701, 69 A. 2d 685, 686, *cert.* den. *Winegard v. Swenson,* 70 S. Ct. 670, 339 U. S. 938: "A criminal case cannot be retried on *habeas corpus.* A judgment of a superior court of general jurisdiction, which has power to decide all questions involved in a case before it, including constitutional questions and questions as to its own jurisdiction, is not a nullity. In Maryland *habeas corpus* is not a proper remedy when a remedy by appeal is or was available and the judgment is not a nullity. *Loughran v. Warden of House of Correction,* 192 Md. 719, 64 A. 2d 712." The writ of *habeas corpus* cannot be made, except by statute, to perform the functions of a writ of error in bringing under review judgments or convictions merely for error or irregularities in the proceeding. *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807; *Finch v. Warden,* 71 A. 2d 301. There are no docket entries, affidavits or other exhibits to substantiate this contention.

Regarding the contention that the sentence in the attempted escape case was illegal this Court held in *Casey v. Warden,* 198 Md. P. 645, 80 A. 2d 896, just filed, that attempt to escape was a common law crime, and the penalty for that offense was in the reasonable discretion of the court, subject only to executive clemency. *Hooper v. Warden,* 190 Md. 723, 60 A. 2d 183; *Owens v. Warden,* 190 Md. 737, 60 A. 2d 184.

*Application denied, with costs.*