## SUPERINTENDENT OF MARYLAND STATE REFORMATORY FOR MALES *v.* CALMAN

[No. 49, October Term, 1953.]

416

*Petition for leave to appeal granted August 3, 1953.*

*Decided December 10, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ambrose T. Hartman, Assistant Attorney General,* with whom were *Edward D. E. Rollins, Attorney General,* and *Anselm Sodaro, State's Attorney for Baltimore City,* on the brief, for the appellant.

*Kenneth C. Proctor* for the appellee.

SOBELOFF, C. J., delivered the opinion of the Court.

We granted the application of the Superintendent of the Maryland State Reformatory for Males for leave to appeal from an order discharging the appellee on *habeas corpus* primarily because the case involves an important question as to the scope of the writ of *habeas corpus.*

In June, 1951, when he was fourteen years old, Wallace Calman was committed as a delinquent boy to Boys' Village of Maryland, by Judge Moylan sitting in the Circuit Court of Baltimore City, Division of Juvenile Causes. The following March he ran away from Boys' Village, using no weapons or violence, and committing no offense after he left the institution. He was apprehended and indicted for the crime of escape under Article 27, Section 164 of the Annotated Code of Maryland (1951), jurisdiction having been waived by the Magistrate for Juvenile Causes in Prince George's County, as permitted by Article 26, Section 53, 1951 Code. The applicable portion of the statute alleged to have been violated is: "If any offender or person legally detained and confined in the Penitentiary, or Jail, or House of Correction, or Reformatory, or Station House, or any other place of confinement, in this State, shall escape, he shall, on conviction thereof by the Criminal Court of Baltimore City or by the Circuit Court of the County in which the escape takes place, be sentenced to confinement in the Penitentiary, Jail or House of Correction for such additional period, not exceeding ten years, as the Court may adjudge." Article 27, Section 164, 1951 Code.

When arraigned in the Circuit Court, Calman pleaded guilty. At a subsequent hearing he was represented by a court-appointed lawyer and convicted by the Court sitting without a jury, and sentenced to five years in the Maryland House of Correction, but on recommendation of the Court was transferred to the Maryland State Reformatory for Males. He petitioned the Baltimore City Court for a writ of *habeas corpus,* and after

a hearing was ordered released in April, 1953, by Judges Moylan and Carter. In its opinion the Court held the appellee's conviction and sentence "an unconstitutional deprivation of his liberty for the elementary reason that his commitment to Boys' Village did not constitute him a prisoner being detained in a penal institution in connection with a criminal matter." In the argument of this appeal the contention was made that under Article 27, Section 164, Boys' Village is not a "place of confinement" within the meaning of the statute, as the appellant maintains it is. Briefly stated, the appellee's contention is that when the statute enumerates particular types of institutions, escape from which shall be punishable, and then adds the words "or any other place of confinement", these general words must be construed to embrace only places similar in nature to those specifically enumerated; that under the doctrine of *ejusdem generis,* when the specific enumeration does not exhaust the class, the general words which follow must be construed to amplify the class by including only those unspecified places which fall within the same genus as those specifically enumerated. Further it is urged that such a construction is all the more required because a criminal statute is to be interpreted as narrowly as the language will reasonably permit. Applying these principles of statutory interpretation, it is maintained that Boys' Village is not one of the places escape from which is made a criminal offense and the commitment is an utter nullity, from which the appellee is entitled to relief on *habeas corpus.*

The appellant, however, insists that Boys' Village falls within the description "reformatory", or at least is within the same genus as "reformatory" and thus clearly falls within the meaning of the phrase "any other place of confinement", and that the whole statutory scheme indicates a legislative intent that Boys' Village be considered a place of confinement within the meaning of the section. Both sides seek to gather support for their respective contentions by referring to

the Juvenile Court law, Article 26, Sections 57-70, 1951 Code, and the history of Boys' Village and similar institutions. *Roth v. House of Refuge,* 31 Md. 329.

At the threshold of our consideration of the case, before we reach the question of the correct interpretation of Article 27, Section 164, is the problem whether such a question as that raised by the appellee may properly be considered on *habeas corpus.*

The scope of *habeas corpus* is not the same in all states. Differences have arisen through variant statutory and other historic developments, affected in some instances by the existence or non-existence in these jurisdictions of remedies by way of appeal or otherwise for the correction of alleged errors resulting in convictions.

This Court has undertaken in a recent *per curiam* opinion a comprehensive statement of the proper scope of *habeas corpus* in reviewing the detention of sentenced prisoners. *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712, *cert. denied sub nom. Loughran v. Maryland,* 337 U. S. 908. The petitioner in that case, in prison under a sentence for "larceny after trust", urged that his inability to refund a deposit on a house did not constitute a crime but involved only a "civil controversy"; that there was no competent evidence to show any crime; that the statute under which he was convicted did not cover his acts, and if it did it was void because violative of the constitutional prohibition against imprisonment for debt, *Maryland Const.* Article 3, Section 38, and that the statute was void because too "vaguely worded" to define a crime, and consequently the indictment, trial and sentence were all a nullity. The petitioner therefore sought to be discharged on *habeas corpus.* He was remanded, and on appeal this Court said: "*Habeas corpus* cannot serve the purpose of a demurrer to an indictment. *Dimmick v. Tompkins,* 194 U. S. 540, 552, 24 S. Ct. 780, 48 L. Ed. 1110; cf. *Hickman v. Brady,* 188 Md. 103, 52 A. 2d 72. We express no opinion as to the construction of the Act of 1945. * * *

This Court has always held that *habeas corpus* is not a proper remedy when the remedy by appeal is or was available and the judgment is not a nullity. We see no reason for not adhering to this rule in cases of conviction under an unconstitutional statute in a superior court of general jurisdiction. In the instant case any question as to the constitutionality of the Act of 1945 could have been just as easily raised and as fully and effectively heard and decided in the Criminal Court as any other question of law or fact in the course of the trial, and would have been subject to review on motion for a new trial and on appeal, and is not subject to review on *habeas corpus."*

It is to be noted that Calman did not in the trial court and does not here actually put in question the constitutionality of Article 27, Section 164, but in essence the issue he raises is only whether the facts shown meet the requirements of that section.

Shortly after the *Loughran* case, *Winegard v. Warden,* 194 Md. 699, 69 A. 2d 685, *cert. denied* 339 U. S. 938, came before the Court. The point on which petitioner there relied was that the statute was unconstitutional because it was claimed that it permits cruel and unusual punishment. This is not the point raised here, but the language of the Court in disposing of the contention is applicable here. The *per curiam* opinion of the Court said: "A judgment of a superior court of general jurisdiction, which has power to decide all questions involved in a case before it, including constitutional questions and questions as to its own jurisdiction, is not a nullity. In Maryland *habeas corpus* is not a proper remedy when a remedy by appeal is or was available and the judgment is not a nullity."

Still more recently Judge Henderson had occasion to say for this Court in *State ex rel. Tabor v. Swenson,* 195 Md. 710, 72 A. 2d 684: "* * * In addition to the grounds discussed in the previous application, he now contends that the 'statutory burglary laws of Maryland' are so vague, ambiguous and uncertain as to be un-

constitutional, and that the indictment was not in conformity with the statutes or common law. It is sufficient to state that such questions cannot be reviewed on *habeas corpus*."

Judge Markell in a recent article published in the University of Pennsylvania Law Review, Vol. 101, page 1154, discusses fully the proper function of the writ of *habeas corpus* in Maryland when resorted to by sentenced prisoners who complain of irregularities in the trial, or invalidity of the indictment, or the unconstitutionality of the statute upon which the indictment was based. He points out that the review of convictions is limited to exceptional cases in which violation of fundamental rights has occurred, and the writ of *habeas corpus* is the only effective means of preserving such rights, as where such unfairness has entered the trial proceedings as to cause the court to "lose its jurisdiction", *Johnson v. Zerbst,* 304 U. S. 458, 468. Illustrative of this principle are cases where the traverser was denied counsel, or where an appeal was prevented by the officials, or where pleas of guilty, waiver of counsel or jury trial were obtained by coercion, *Smith v. O'Grady,* 312 U. S. 329; *Waley v. Johnston,* 316 U. S. 101; *Williams v. Kaiser,* 323 U. S. 471; *Marino v. Ragen,* 332 U. S. 561; see *Olewiler v. Brady,* 185 Md. 341, 344, 44 A. 2d 807, 808; *Loughran v. Warden, supra;* or where conviction resulted from use of perjured testimony with the connivance of state officers, *Mooney v. Hollohan,* 294 U. S. 103.

In some states, it is true, a broader right of review upon *habeas corpus* is permitted. 167 A. L. R. 522 (Annotation). Generally, decisions so holding rely upon *Ex parte Siebold,* 100 U. S. 371, and *Ex parte Yarbrough,* 110 U. S. 651, which appear to hold that in case of conviction under an unconstitutional statute the Court is without jurisdiction and the sentence is, therefore, a nullity and may be voided on *habeas corpus.* These cases are, however, a departure from earlier federal decisions and are not consistent with later ones of the

Supreme Court. It is notable that the two Supreme Court decisions above cited were handed down at a time when in the federal system there was no review on appeal or writ of error from convictions in the trial courts. See *United States v. Rider*, 163 U. S. 132, 138 (discussion of the origin of federal criminal appeals). The first act of Congress creating a right of appeal was not adopted until 1889, and the two above cited cases came before the Supreme Court in the years 1879 and 1884 respectively. The true federal rule was laid down as early as 1830 by Chief Justice Marshall in *Ex parte Watkins*, 28 U. S. (3 Pet.) 193, in which the following language was used: "An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject although it should be erroneous. The circuit court for the District of Columbia is a court of record, having general jurisdiction over criminal cases. An offence cognizable in any court, is cognizable in that court. If the offense be punishable by law that court is competent to inflict the punishment. * * * To determine whether the offense charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case and in the other; and must remain in full force unless reversed regularly by a superior court capable of reversing it."

Maryland adopted this rule in *Bell v. State*, 4 Gill 301, referring to Chief Justice Marshall's decision and using almost identical language. This doctrine has been restored by the Supreme Court in recent cases, *Glasgow v. Moyer*, 225 U. S. 420; *Bowen v. Johnston*, 306 U. S. 19; *Sunal v. Large*, 332 U. S. 174, which clearly depart from *Siebold* and *Yarbrough*, without specifically overruling them. In the *Sunal* case the Supreme Court said: "Thus where the jurisdiction of the federal court which

tried the case is challenged or where the constitutionality of the federal statute under which conviction was had is attacked, *habeas corpus* is increasingly denied in case an appellate procedure was available for correction of the error." (p. 179)

In the *Glasgow* case the language was even more emphatic: "The principle of the cases is the simple one that if a court has jurisdiction of the case the writ of *habeas corpus* cannot be employed to retry the issues, whether of law, constitutional or other, or of fact." (p. 429)

It is well to note that even under the rule of the *Siebold* and *Yarbrough* cases, *habeas corpus* could not be used to attack an indictment as failing to state an offense within the terms of a statute. *Ex parte Parks,* 93 U. S. 18; *Ex parte Siebold,* supra, at 375; *Ex parte Yarbrough,* supra, at 653; *In Re Coy,* 127 U. S. 731, 758; see also *Knewel v. Egan,* 268 U. S. 442, 446; and the question raised in the *Calman* case amounts to nothing more than a claimed error in construing a statute.

In the face of the clear holdings of this court and the above explanation of the federal cases upon which *Price v. Clawns,* 180 Md. 532, 25 A. 2d 672, relied, we have no hesitancy in saying that insofar as the latter indicates a broader review on *habeas corpus* it cannot be followed. Nor can we attach any contrary significance to the Act of 1880, Ch. 6, Sec. 3 (now Article 42, Section 19, 1951 Code) which provides that whenever any court having jurisdiction releases or discharges a party on *habeas corpus,* charged with violation of a statute of this state, on the ground that it is unconstitutional and void, the court shall write an opinion and transmit it with the original papers in the case to the Court of Appeals for review thereon. This statute provided a special right of appeal at a time when there was no general right of appeal by either party from the issuance or denial of the writ of *habeas corpus.* This provision, though never repealed in terms, has been superseded by the broader provisions for appeal in the

Act of 1945 and the Act of 1947. See *Article 42, Section 6, 1951 Code.* Article 42, Section 19 (the Act of 1880) does not call for a broader scope of review upon *habeas corpus* than that already indicated.

One other group of Maryland cases needs to be mentioned—those in which the convictions under attack were judgments not of superior courts of general jurisdiction, but of justices of the peace. A justice of the peace does, of course, pass on his jurisdiction, but if he is in error correction can be made on *habeas corpus* because he had in fact no jurisdiction of the subject matter. *Day v. Sheriff,* 162 Md. 221, 159 A. 602 (holding that the legislature lacked the power to create the office of "Police Justice of Takoma Park").; *Quenstedt v. Wilson,* 173 Md. 11, 194 A. 354 (a commitment by a justice of the peace whose appointment was under an invalid statute could be set aside on *habeas corpus*). See also those cases holding that statutes conferring jurisdiction on the particular justices were constitutional. *State v. Glenn,* 54 Md. 572; *Beall v. State,* 131 Md. 669, 103 A. 99; *Dougherty v. Superintendent,* 144 Md. 204, 124 A. 870; *State ex rel. Byrd v. Warden,* 191 Md. 670, 62 A. 2d 628. On the other hand, a court of general criminal jurisdiction is a court of record, which passes on its jurisdiction in the regular course of a trial and which cannot be upset on *habeas corpus,* although, of course, if jurisdiction is suitably challenged in the trial court it may be reviewed on appeal.

Prior to 1945, there were no appeals either by petitioners or respondents from a court's action on *habeas corpus,* except in the narrow class of cases provided for in the Act of 1880. Some judges at times treated *habeas corpus* as allowing a general review of convictions, and although there was no legal justification for this there was no means of correction. The Acts of 1945, Chapter 702, created a right of appeal in *habeas corpus* cases, and by Chapter 625 of the Acts of 1947 such appeal was made subject to leave granted by the Court of Appeals on application of the aggrieved party. Nowhere has the

legislature of Maryland evidenced a purpose to make *habeas corpus* a substitute or supplementary form of review of criminal convictions.

*Habeas corpus* has an effective and time honored function to test the legality of the detention of persons, but this is not the same as the correction of errors which may be committed in criminal trials. For this purpose appeal and not *habeas corpus* remains the normal method. It does not impair the venerable writ of *habeas corpus,* which antedates Magna Charta and is protected in the constitutions of state and nation, to confine its use within its proper sphere. The alternative course would confuse *habeas corpus,* which is in the nature of a collateral inquiry, with appeal, which is direct. The indiscriminate employment of *habeas corpus* in place of appeal would do nothing to safeguard liberty, but would do much to complicate and defeat orderly procedure.

One other contention of the appellee should also be mentioned. The Juvenile Court, in determining whether or not jurisdiction can be waived under Article 26, Section 53, must determine whether the act or acts with which the child is charged with committing would amount to a misdemeanor or felony if committed by an adult. Appellee submits that no crime could have been committed in this case even if the accused were an adult; that the Juvenile Court, therefore, could not waive jurisdiction; and that the Circuit Court for Prince George's County did not acquire jurisdiction. The answer is the simple one already indicated: the question of the effectiveness of a waiver of jurisdiction by the Juvenile Court under Article 26, Section 53, is within the power of a court of general criminal jurisdiction to decide. Its determination can be appealed directly, but may not be attacked collaterally.

We conclude that the court below committed error in assuming to review on *habeas corpus* the alleged error of the Circuit Court for Prince George's County in misinterpreting Section 164 of Article 27.

426

We express no opinion as to the correct interpretation of Article 27, Section 164; but if error or injustice has been committed which cannot be corrected because no appeal was taken, authority to make correction and to redress injustice is in the Board of Parole and in the Governor, and not this Court.

*Order reversed.*