# CANTER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 35, October Term, 1956.]

*Decided November 30, 1956.*

644

Before BRUNE, C. J., and COLLINS, HENDERSON and HAM-MOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by James Joseph Canter for leave to appeal from the denial of a writ of *habeas corpus,* after a hearing on said application by Chief Judge Stedman Prescott of the Circuit Court for Montgomery County on August 14, 1956.

Petitioner claims that he was tried and convicted of attempted escape by Judge Charles Marbury of the Circuit Court for Prince George's County on April 17, 1956, and sentenced to one year in the Maryland House of Correction from April 19, 1956. He also says that he was tried on an information for unauthorized use of a motor vehicle to which he pleaded guilty on April 23, 1956, and was sentenced by Judge Fletcher of the Circuit Court for Prince George's County to one year from April 19, 1956, in the Maryland House of Correction. The record before us shows that sentence was deferred by Judge Marbury and that he was later sentenced to two years from April 19, 1956, for unauthorized use of an automobile and for attempted escape.

As to the trial before Judge Marbury, petitioner contends that he told his attorney that he wanted a jury trial. When his case was called for trial, a jury was empaneled. He protested to his attorney that he wanted a jury trial and was told that the jury had been dismissed and that he would have to be tried before the court. A claim of denial of a jury trial cannot be raised on *habeas corpus.* It can be raised on appeal. *Wilson v. Warden,* 198 Md. 663, 80 A. 2d 897; *Ahern v. Warden,* 203 Md. 672, 100 A. 2d 645. Petitioner does not allege that he made any objection to the court about his trial without a jury. A mere allegation that an attorney was inept or incompetent is not sufficient on *habeas corpus* where petitioner had the opportunity to complain to the court about his attorney and did not do so. *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597.

Petitioner also complains that a co-defendant, tried separately, was acquitted by Judge Fletcher on the same evidence on which he was convicted by Judge Marbury. He further contends that he should have been tried for the unauthorized use of the automobile before he was tried for attempted escape. These complaints go to the sufficiency of the evidence, which cannot be raised on *habeas corpus*. *Davis v. Warden,* 208 Md. 675, 119 A. 2d 365.

Petitioner also complains that he told his attorney after his conviction that he desired a motion made for a new trial, and if denied, he wished to take an appeal to this Court, and that his attorney did not follow his instructions. There is no allegation that he made any such complaint to the trial court, or that he expressed any dissatisfaction with the services of his attorney. *Obenstine v. Warden,* 198 Md. 648, 80 A. 2d 610; *Paff v. Warden,* 200 Md. 660, 90 A. 2d 173. Furthermore, his time has not expired under Judge Fletcher's sentence, which he does not contest.

*Application denied, with costs.*