## SMITH *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 82, October Term, 1956.]

*Decided May 3, 1957.*

644

Before BRUNE, C. J., and COLLINS, HENDERSON, HAM-
MOND and PRESCOTT, JJ.

HAMMOND, J., delivered the opinion of the Court.

Carl Smith was convicted of assault with intent to murder and sentenced to fifteen years in the Penitentiary by Judge Carter. Subsequently, this sentence was reduced to ten years. He has applied here for leave to appeal from the denial of the writ of *habeas corpus* by Judge Joseph Byrnes of Baltimore.

The applicant contends that defense witnesses were not permitted to testify, that his conviction was based on perjured testimony and that his court-appointed counsel was incompetent. The record discloses that at the end of the trial the applicant's counsel, who had been employed by him, stated that his case was closed. Applicant, of course, is bound by his counsel's statements made in his presence in open court, without objection by him. *Roberts v. Warden,* 206 Md. 246, 250; *Randall v. Warden,* 208 Md. 667; *Banks v. State,* 203 Md. 488. There is no indication of any infringement on his right to call witnesses in his behalf.

The applicant's second contention is without merit since we have held consistently that the bald assertion of perjury is not enough. It must be shown that the State knowingly used perjured testimony or conspired to defraud the accused of his rights. *Whitley v. Warden,* 209 Md. 629; *Ramberg v. Warden,* 209 Md. 631; *Johns v. Warden,* 207 Md. 624.

Finally, where the incompetence of counsel is alleged, but there is no charge of fraud, bad faith or collusion with any officer of the State and no allegation of complaint to the trial judge about counsel, *habeas corpus* will be denied. *Roberts v. Warden, supra; Lievers v. Warden,* 210 Md. 670; *Canter v. Warden,* 211 Md. 643.

*Application denied, with costs.*