SHIVERS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 19, October Term, 1956.]

*Decided October 9, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Calvin Shivers for leave to appeal from the denial of a writ of *habeas corpus.* Petitioner was convicted of the illegal possession of narcotics and sentenced to five years in the Maryland Penitentiary. Although it does not appear in the record before this Court, the Special Assistant Attorney General, in his brief filed in this case, states that at the time of this conviction petitioner was on parole from a ten year sentence imposed for armed robbery on August 6, 1949, and is still serving that sentence.

In the instant case the petitioner contends that he was denied a fair trial because he was illegally arrested in that no search warrant was issued at the time the narcotics were found in his possession. It was said by this Court in *Georgevich v. Warden,* 207 Md. 632, 114 A. 2d 891, where the contention was made that an illegal search was made in a narcotics case: "Even if this contention were pertinent in a

*habeas corpus* proceeding, it was well answered in *State, Ex Rel. Beard v. Warden,* 193 Md. 715, where it is said: 'The illegal possession of narcotics is made unlawful by * * * Code * * *. It is a misdemeanor and insofar as evidence resulting from an illegal search and seizure is concerned, section 5, Article 35, Code [1951] governs prosecutions for misdemeanors. This section, however, is specifically made inapplicable to prosecutions under the state narcotic laws by section * * *' 368 of Article 27 of the 1951 Code. Furthermore, this Court has, upon numerous occasions, held that the legality of a search and seizure may not be raised in a *habeas corpus* proceeding. *Presley v. Warden,* 201 Md. 660; *Bowen v. Warden,* 200 Md. 661."

*Application denied, with costs.*