## BARR v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 31, October Term, 1952.]

*Decided May 13, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *habeas corpus* by Judge Herman Moser, of the Supreme Bench of Baltimore City.

The petitioner was tried and convicted in the Criminal Court of Baltimore on November 11, 1951, on a charge of violation of the narcotic laws, and received a sentence of ten years in the House of Correction.

The petitioner complains that the evidence used against him was secured by an illegal search and seizure and was, therefore, inadmissible. Article 27, Section 368 of the Code (1951 Ed.) provides that in prosecutions in violation of narcotic laws, Article 35, Section 5 of the

Code (1951 Ed.), commonly referred to as the "Bouse" Act, shall not apply. The petitioner seeks to escape the effect of this by claiming that the exception, as applied to him, deprives him of his constitutional rights. This contention has been answered adversely by *Salsburg v. State,* 201 Md. 212, 94 A. 2d 280. See also *Stevens v. State,* 202 Md. 117, 95 A. 2d 877; *Clark v. State,* 202 Md. 133, 96 A. 2d 253; (both decided this Term); and *State Ex Rel. Beard v. Warden, Maryland House of Correction,* 193 Md. 715, 67 A. 2d 236.

Petitioner made application for an appeal from a denial of the writ once before. See *Barr v. Warden, Maryland House of Correction,* 200 Md. 657, 90 A. 2d 216. In that application, he made the contention he now makes as to the inadmissibility of the evidence claimed to have been secured by an illegal search and seizure. The Court held that the legality of a search and seizure may not be raised for the first time on *habeas corpus.* See *Dodson v. Warden, Maryland House of Correction,* 201 Md. 655, 92 A. 2d 754; and *Presley v. Warden, Maryland Penitentiary,* 201 Md. 660, 92 A. 2d 754. If the question were before us for decision, *Stevens v. State,* and *Clark v. State, supra,* would be in point and adverse to the petitioner's contention.

*Application denied, with costs.*