## HOWELL, *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 61, September Term, 1957.]

*Decided March 6, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
·COTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

From the denial of his petition for a writ of *habeas corpus*
.by Mason, J., in the Baltimore City Court, Cecil Howell has
.applied to this Court for leave to appeal.

The petitioner, who was arrested on January 30, 1956,
pleaded guilty to a charge of assault with intent to rob on
May 23, 1956, and was sentenced by the Circuit Court for,
Prince George's County (Marbury, J.) to a term of six years
in the House of Correction.

The petitioner alleges, among other reasons for granting
the writ, that he was arrested without a warrant, and was
·denied a speedy trial in that he was incarcerated for four

months prior to trial. This Court has held often that after trial and conviction the legality of arrest and the extent and legality of the initial detention cannot be inquired into on *habeas corpus*. *Haynie v. Warden,* 210 Md. 668, 124 A. 2d 285 (1956); *Szukiewicz v. Warden,* 213 Md. 636, 131 A. 2d 390 (1957).

The petitioner further contends that his counsel, without his approval or consent, waived a trial by entering a plea of guilty, and failed to properly defend the petitioner and to exercise the legal means available to him, but the petitioner did not allege either fraud, bad faith or collusion with a State official, nor did he complain to the trial court of the failure of his counsel to consult him or advise him of his rights. We have repeatedly ruled that the alleged incompetence of counsel may not be raised on *habeas corpus* if the accused failed to complain to the trial court of the incompetence or misconduct of his counsel. *Smith v. Warden,* 213 Md. 643, 131 A. 2d 392 (1957).

Other allegations to the effect that the State failed to prove the commission of a crime, that the petitioner was the person who committed it, and that he was not confronted with his accuser or other witnesses, concern the regularity of the proceedings, not the jurisdiction of the court and are not reviewable on *habeas corpus*. *Wagner v. Warden,* 205 Md. 648, 109 A. 2d 118 (1954). Moreover, since the petitioner pleaded guilty, there was no reason to formally produce testimony to prove the commission of the attempt to rob and the identity of the person who committed the offense.

The contention that the petitioner was persuaded not to call witnesses on his own behalf after his counsel had led him to believe that he would be turned over to the armed forces, of which he was a member when arrested, absent a complaint to the trial court, when sentenced, that he had been so deceived by his counsel, cannot be inquired into on *habeas corpus*. Although there are decisions to the effect that *habeas corpus* will lie, in some instances, to review an allegation that a plea of guilty was obtained by deception produced by state or government officials—See *Hamilton v. Warden,* 214 Md. 633, 136 A. 2d 251, 252 (1957), and

the cases therein cited—the deception allegedly practiced here, even if true, was that of the petitioner's own counsel, of which he did not seasonably complain.

Finally, as we have previously ruled, the complaint that the petitioner was not informed of his right to an appeal in the absence of an allegation that he was denied such right by a State official is not a reason for granting the writ. This is particularly so where it appears that the petitioner never made an effort to appeal from the judgment and sentence, either when sentenced or at any time since. *Finley v. Warden,* 211 Md. 650, 127 A. 2d 134 (1956).

*Application denied, with costs.*