## SHOCKLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 55, September Term, 1957.]

*Decided March 6, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

This applicant for leave to appeal from a denial of a writ of *habeas corpus* by Judge Marbury of the Circuit Court for Prince George's County was convicted by a trial magistrate of assaulting his wife and received a sentence of two years. His complaints are: (1) that his counsel was incompetent and conspired with the State's Attorney to give him "a fast shuffle" without allowing him reasonable time to prepare his defense; (2) that his wife was not present at the hearing before the magistrate; (3) that he was not allowed to confront witnesses against him; (4) that he was not afforded compulsory process to obtain witnesses; (5) that he was not guilty of assault, since he had acted in self-defense; (6) that his attorney had pleaded him guilty; (7) that his attorney had refused to honor his request for an appeal; (8) that he was under the influence of medicine both at the time of the alleged assault and at the time of his hearing, and was therefore unable to act responsibly on either occasion.

Petitioner's allegation that his counsel conspired with the State's Attorney to give him "a fast shuffle" is supported by no allegations of fact. He complains that his lawyer was incompetent, but he does not allege that he brought the matter to the attention of the magistrate. Accordingly, neither ground will serve as basis for *habeas corpus*. Both, as does applicant's claim that he was not afforded sufficient time to prepare a defense, go to the regularity of the proceedings only. *Roberts v. Warden,* 206 Md. 246, 251; *Wilhelm v. Warden,* 209 Md. 624, 625.

That the prosecutrix was not present at the hearing before the magistrate will not avail the applicant on *habeas corpus,* particularly when he pleaded guilty. Neither will his claim that he was not allowed either to confront witnesses against him or to compel the presence of witnesses favorable to him. *Freeland v. Warden,* 194 Md. 711, 714; *Tyler v. Warden,* 206 Md. 635, 637.

Applicant's contention that he was so influenced by medi-

cine he was taking for asthma as to be unable to act responsibly either at the time of the assault or during the hearing is unavailing, since the record shows that he was represented by counsel and pleaded guilty. Under these circumstances, he cannot now make use of *habeas corpus*. His condition at the time of the offense goes to the question of guilt or innocence and the plea of guilty, advised by the lawyer and accepted by the magistrate, disposed of the question of ability to stand trial, as far as relief in *habeas corpus* is concerned. *Kohnen v. Warden,* 202 Md. 658, 659. *Wagner v. Warden,* 205 Md. 648, 652; *Fenton v. Aderhold* (5th Cir., 1930), 44 F. 2d 787, 788.

Applicant's claim that the assault upon his wife was an act of self-defense relates to the issue of guilt or innocence of the offense for which he is imprisoned and will not support issuance of the writ. *Fairbanks v. Warden,* 213 Md. 654, 655. Similarly, the writ will not issue because he contends his counsel pleaded him guilty, since applicant was present when the plea was entered and cannot here repudiate it. *Banks v. State,* 203 Md. 488, 497.

Also invalid is the prisoner's complaint that he was denied an appeal because the State's Attorney informed his counsel that if the applicant appealed from his conviction, the State's Attorney would commence another criminal proceeding on another charge. If the applicant was prevented from perfecting an appeal from the decision of the trial magistrate, he should have applied to the Circuit Court for hearing of his appeal and decision as to whether he was wrongfully prevented from taking it. Accordingly, *habeas corpus* will not lie. *Hopkins v. Warden,* 213 Md. 634, 635-636.

*Application denied, with costs.*