## HAMILTON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 113, September Term, 1957.]

*Decided April 29, 1958.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Prescott, J., delivered the opinion of the Court.

This is the third application for leave to appeal from a denial of a writ of *habeas corpus* by the petitioner, the last two by Judge Raine in the Circuit Court for Baltimore County. *Hamilton v. Warden,* 212 Md. 659; 214 Md. 633.

Petitioner pleaded guilty to six charges of larceny of six different automobiles, and, on February 6, 1956, was sentenced by Judge Carter in the Criminal Court of Baltimore to eight years' confinement in each case, to run concurrently.

As a result of his last application for leave to appeal, we remanded the case directing that the writ issue so the court could hear and determine the truth or falsity of his allegation of unfairness at his trial that amounted to a deprivation of due process of law. Judge Raine issued the writ and after a hearing determined that the petitioner's claims were not founded in fact, and there had been no lack of due process. With this, we agree.

The petitioner makes the further contentions: (1) that he was held *incommunicado* for 72 hours at the time of his arrest before he was brought before a magistrate and charged; (2) that his confession of the crimes was involuntary; (3) that he was not permitted to telephone his mother so that an attorney of his own selection could be employed; and (4) that the conduct of his court-appointed attorney was such that it deprived him of a fair trial.

The petitioner, on application for leave to appeal, is not entitled to expand the grounds upon which he seeks the writ after his petition has been heard and considered. *Walker v. Warden,* 209 Md. 654, 657. However, as we did not specifically pass upon individual grounds (in many cases the

grounds are not clearly stated) in disposing of his last application, we shall dispose of them now.

None of the grounds, as here presented, are available to form the basis for the issuance of a writ of *habeas corpus*. As to (1) and (3), see *Ford v. Warden,* 214 Md. 649, 651; (2) see *Skates v. Warden,* 214 Md. 639; and (4), see *Cooper v. Warden,* 214 Md. 629.

*Application denied, with costs.*