## DEAL *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 69, September Term, 1959.]

*Decided February 23, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

Applicant appeals from the dismissal by the Circuit Court

590

for Prince George's County of his petition for relief under the Post Conviction Procedure Act, Code (1959 Supp.), Art. 27, Secs. 645A *et seq.* All but one of the applicant's contentions were dealt with by the lower court, and as to those contentions we adopt its opinion. Applicant complained that his constitutional rights were denied because he was not permitted to confront the anonymous informer who told the police he was involved in the robbery. Assuming this claim goes to confrontation at the trial rather than prior to it, we have previously held that there is no right to confront those who supply information to the police concerning a violation of the law, except in circumstances not relevant here. *McCoy v. State,* 216 Md. 332, 140 A. 2d 689. In any event this point cannot be raised in collateral proceedings. *Howell v. Warden,* 216 Md. 611, 139 A. 2d 270; *Shockley v. Warden,* 216 Md. 607, 139 A. 2d 264; *Kirby v. Warden,* 214 Md. 600, 133 A. 2d 421.

Applicant alleges he was denied a fair post conviction hearing because he was not present. His presence was not, however, required. *Plump v. Warden,* 220 Md. 662, 153 A. 2d 269; *Shifflett v. Warden,* 220 Md. 667, 155 A. 2d 68.

For the above reasons the application for leave to appeal is denied.

*Application denied.*