## SAVOY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 77, September Term, 1957.]

*Decided March 6, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

On October 3, 1957, Judge Anselm Sodaro, of the Baltimore City Court, denied the petition of Russell Savoy for a writ of *habeas corpus*. The petitioner has applied to this Court for leave to appeal.

The petitioner was convicted of rape, assault with intent to rape and assault and battery in the Circuit Court for Prince George's County (Marbury, J.) and was sentenced to the Maryland House of Correction for a period of twenty years.

The petitioner contends that he is unlawfully imprisoned and is entitled to a writ of *habeas corpus*: (i) because his court-appointed counsel entered a plea of guilty without his consent; (ii) because his attorney and the State's Attorney induced him to confess his guilt when "both * * * [knew] full well that the rape was committed by * * * [his] uncle who was an adult"; (iii) because he pleaded not guilty and elected a trial by jury; and (iv) because, when he changed his plea from not guilty to guilty, he was only fourteen years

old, uneducated and ignorant of his right to insist upon a trial by jury.

In a paper writing filed in this Court, entitled "Supplement and Amendment to Papers Already Filed", the petitioner assigns an additional reason why the writ should be issued, which was not set forth in the petition denied by Judge Sodaro, to the effect that when he pleaded guilty and was sentenced "there was no provision for a destitute defendant to obtain a new trial or an appellate review by this Court". This point was not raised below and we will not consider it here. *Roberts v. Warden*, 211 Md. 639, 126 A. 2d 857 (1956). Even if the allegation were properly before us, it would avail the petitioner nothing. Not only does he fail to state that he was indigent or that indigency prevented him from perfecting a new trial or an appeal, but he failed to allege that he sought either a new trial or an appellate review. The petitioner also requested this Court to appoint counsel to represent him upon this application for leave to appeal from the denial of the writ of *habeas corpus*. He was advised by the Clerk of this Court that we would consider appointing counsel on his behalf should this application for leave to appeal be granted. But the petitioner has assigned no sufficient reason why he is entitled to a writ of *habeas corpus*.

(i) and (iii). *Entry of plea without consent—Change of plea from not guilty to guilty:* The entry of a plea of guilty, without the consent of the defendant, absent an allegation that it was done without the knowledge of the petitioner, or that he made his objections to the guilty plea known to the trial court, is not grounds for a writ of *habeas corpus*. The docket entries show that when the petitioner was arraigned on April 14, 1949, he entered a plea of not guilty, but on May 6, 1949, his counsel appointed by the court withdrew this plea and entered a plea of guilty. In *Banks v. State*, 203 Md. 488, 102 A. 2d 267 (1954), an appeal from a conviction in a criminal court, in which a similar objection was raised, we said, at p. 497: "The defendant in a criminal case cannot object to the fact that his own attorney pleaded guilty for him where the defendant acquiesced in open court in such

plea." If the point could not be raised on direct appeal, where the scope of review is far wider, it cannot be raised on application for a writ of *habeas corpus*. *Cumberland v. Warden*, 205 Md. 646, 109 A. 2d 66 (1954), *cert*. den., 348 U. S. 929 (1955); *Wagner v. Warden*, 205 Md. 648, 109 A. 2d 118 (1954); *Roberts v. Warden*, 206 Md. 246, 111 A. 2d 597 (1955). · The docket entries contradict the petitioner's contention that he pleaded not guilty and elected a jury trial, but the significance of this allegation is not apparent and we cannot surmise what he meant. Moreover, the docket entries showing that he changed his plea to guilty are a sufficient rebuttal of his contention. As we have said repeatedly a claim of a denial of a trial by jury may not be raised on *habeas corpus*. *Canter v. Warden*, 211 Md. 643, 127 A. 2d 139 (1956), *cert*. den., 353 U. S. 913 (1957).

(ii). *Allegation of conspiracy between counsel and State's Attorney:* In this case the petitioner alleges no facts to support his statement that his counsel and the State's Attorney conspired to induce him to confess the crime. We have held repeatedly that mere allegation of collusion without more is not a sufficient reason to issue a writ of *habeas corpus*. *Roberts v. Warden, supra; Obenstine v. Warden*, 198 Md. 648, 80 A. 2d 610 (1951). Besides, the petitioner had an opportunity to complain to the court but did not.

(iv). *Allegation of youth, ignorance and lack of education:* Although the petitioner alleges that he was young, ignorant and uneducated when he was tried and convicted, he does not state that the State, or anyone representing it, took advantage of his ignorance or lack of education to deprive him of any of his fundamental rights. Absent such an allegation the mere statement is not a reason for granting the writ. The petitioner, even though he was only fourteen when he was convicted and sentenced, was subject to prosecution for both common law and statutory rape as well as assault with intent to rape and assault and battery. Since the two major offenses with which he was charged—rape and assault with intent to rape—were both punishable by death or life imprisonment, it was not even necessary for the juvenile court to waive jurisdiction before the petitioner could

be prosecuted for such offenses. See Code of P. L. L. of Prince George's County (1953 ed.), sec. 926 (a) 5, which is comparable to the provisions of Code (1951), Art. 26, sec. 51 (e).

*Application denied, with costs.*