## HARDY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 15, September Term, 1958.]

660

*Decided November 14, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

Judge Morgan C. Harris, of the Fourth Judicial Circuit, sitting in the Circuit Court for Allegany County, denied Hardy's petition for a writ of *habeas corpus*. He seeks leave to appeal.

Hardy was convicted in the Circuit Court for Anne Arundel County on a charge of rape of a girl under fourteen years of age and was sentenced on May 31, 1957, to five years' imprisonment. At his trial he was represented by counsel. He asserts: (1) that his counsel was incompetent; (2) that the evidence as to the time and place of the alleged crime was conflicting; (3) that he has been denied due process under the Fourteenth Amendment; and (4) that he "appealed from Judge Michaelson's verdict," but "No such appeal was entered."

His allegations of incompetence of counsel are in general terms. There is a vague assertion that there were "[s]everal questions raised that counsel fail[ed] to acknowledge in petitioner's defense." There is no allegation of fraud or collusion between his counsel and any prosecuting authorities, nor are any facts asserted which would suggest any. Neither is there any showing that he made any complaint to the trial court with regard to his counsel, who appears to have been of his own selection. His allegations pertaining to counsel afford no basis for the issuance of the writ. *Howell v. Warden,* 216 Md. 611, 139 A. 2d 270; *Peaton v. Warden,* 216 Md. 614, 139 A. 2d 337.

Sufficiency of the evidence cannot be raised on *habeas corpus. Nassif v. Warden,* 216 Md. 605, 139 A. 2d 345.

Nor is a bald allegation of the denial of constitutional rights sufficient. *Savage v. Warden,* 216 Md. 598, 139 A. 2d 338.

His allegation that he appealed is unsupported. Judge Harris obtained a certified copy of the docket entries in the Circuit Court for Anne Arundel County, which shows no appeal. He was, of course, entitled to make use of public records. (Code, 1957, Art. 42, Sec. 5). Judge Harris also received a letter from the Clerk of that Court stating that his office had no record of such an appeal. The Clerk also stated that it was possible that Hardy had requested an appeal after the expiration of thirty days, in which event the request would have been returned to him. An order for appeal must be filed within thirty days from the date of the judgment appealed from. Rule 812, Maryland Rules.

The records of this Court show that in December, 1957, Hardy wrote a letter inquiring whether his appeal had been received and was advised that it had not been. In that letter he said that he understood that his counsel had appealed before sentence was imposed, and he claimed that after sentencing his counsel advised him "to give it a little more time." No appeal would have lain prior to sentencing (or suspension of sentence, if it had been suspended), and no effort to perfect an appeal has been made after sentence.

Judge Harris wrote to Hardy on April 5, 1958, acknowledging receipt of Hardy's application and asking him to state

under oath the manner in which he "took an appeal from Judge Michaelson's verdict" and to forward the same to him (Judge Harris). He added that he would consider it in passing on Hardy's application. Judge Harris' opinion, to which is appended his order denying the petition, dated April 10th, 1958, states that he received no reply to this request. Hardy's order to appeal in this case, which is really an application for leave to appeal, is dated April 18, 1958.

Hardy offers no explanation as to why his appeal in the criminal case was not entered, and he makes no showing that any state officer or official hindered or prevented his taking an appeal or improperly refused to enter his appeal on the court records. Even if he had alleged or shown that he had attempted to appeal in time and that some state official's action or inaction had prevented or delayed his doing so, he would not be entitled to immediate release from custody, but would be entitled to a belated appeal. *Dowd v. Cook,* 340 U. S. 206. Cf. *Beard v. Warden,* 211 Md. 658, 128 A. 2d 426; *Paff v. Warden,* 200 Md. 660, 90 A. 2d 173; *Bernard v. Warden,* 187 Md. 273, 282, 49 A. 2d 737; *Coates v. State,* 180 Md. 502, 25 A. 2d 676.

*Application denied, with costs.*