## BROOKS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 26, September Term, 1958.]

*Decided November 13, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

The application for leave to appeal from a denial of the writ of *habeas corpus* is denied, with costs.

Judge Day, of the Circuit Court for Harford County, properly ruled the applicant was not entitled to the writ applied for, but he assigned no reasons for his action other than by pointing out that the applicant was in error because he was not only given an opportunity to obtain counsel but was actually represented by counsel at his trial in the Criminal Court of Baltimore (Smith, C. J.).

With regard to the other reasons assigned by the applicant for granting the writ, we have repeatedly held such reasons are not grounds for granting the writ sought, for instance: the illegality of arrest and initial detention raised after trial and conviction [*Howell v. Warden,* 216 Md. 611, 139

A. 2d 270 (1958)]; a mere complaint of being held *incommunicado* before trial [*Hamilton v. Warden,* 216 Md. 652, 140 A. 2d 891 (1958)]; a question as to bail after conviction [see *Cook v. Warden,* 215 Md. 628, 137 A. 2d 649 (1958), *certiorari* denied 356 U. S. 953 (1958)]; a claim of denial of a trial by jury (which in this instance is not true) [*Savoy v. Warden,* 216 Md. 616, 139 A. 2d 257 (1958)]; and an allegation that evidence was insufficient to convict because the applicant has proof of an alibi [see *Murray v. Warden,* 215 Md. 655, 139 A. 2d 268 (1958)]. Finally, the writ of *habeas corpus* will not issue upon an allegation that the applicant was not allowed to move for a new trial or appeal to this Court in the absence of a showing that he sought such procedure and that it was improperly denied him by the State or a public official. *Person v. Warden,* 217 Md. 650, 141 A. 2d 743 (1958).