HOWARD WALKER *v.* J. LEROY WRIGHT, WARDEN

[No. 22, October Term, 1947.]

*Decided November 14, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* for the appellee.

Howard Walker, in *pro per.*

HENDERSON, J., delivered the opinion of the Court.

In this appeal from the refusal of a writ of *habeas corpus,* it appears that the appellant was tried for manslaughter in Baltimore City before a court and jury. In the trial he was represented by counsel. He was convicted and sentenced to ten years. One of the grounds set up in his petition for the writ is that one Lieutenant Jones did not testify at his trial, although at the preliminary hearing Jones testified that the deceased told him just before he died "who shot him". The petitioner does not allege that he summoned Jones or asked a postponement to obtain his testimony. He merely states: "they gave as a reason for his not [being] there that he was on retirement." He also made general allegations that the testimony against him was "prejudiced", and false, and that he was innocent of the charge.

As in so many other recent appeals, the petitioner is seeking, not to obtain release from wrongful and illegal detention, but merely to obtain a new trial. But as we have repeatedly said, application for a writ of *habeas corpus* cannot be made to serve as a substitute for a motion for new trial or a direct appeal. He cannot make the mere absence of witnesses the basis for the issuance of the writ. *Copeland v. Wright,* 188 Md. 666, 53 A. 2d 553; *Edmondson v. Brady,* 188 Md. 96, 52 A. 2d 96. Compare *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 847. On the face of the record, the appeal is without merit.

*Order affirmed, without costs.*