## CULLINGS *v.* WARDEN OF BALTIMORE CITY JAIL
[H. C. 46, October Term, 1950.]

*Decided June 15, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

GRASON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus by* Judge Moser, sitting in the Baltimore City Court.

The applicant was tried and convicted in the Criminal Court of Baltimore. What the charges contained in the indictment, nor the judgment and sentence of the court was, are not in the record, but the applicant is now confined in the Baltimore City Jail as a result of that trial. We assume that he was convicted of larceny.

He charges that Baltimore City police officers unlawfully searched his home in Anne Arundel County and confiscated 785 gallons of paint; that he showed the officers a receipted bill for the paint, which they destroyed; and that the paint was turned over by the officers to the Pittsburgh Plate Glass Company. He charges this is a violation of his constitutional rights; that he was brought to trial with seven counts (in the indictment) ; that his counsel, the day before the trial, said that the States Attorney would accept a plea of guilty to two counts and drop the other counts, which he refused; that he asked his attorney to question Officer Schmidt while on the stand, concerning the illegal search and seizure, and his attorney replied, "not yet" but that after the applicant took the stand he would recall the officer; but when the applicant finished his testimony his attorney did not recall Officer Schmidt; that Judge France then "found me guilty on two counts" and remarked to the States Attorney that "they were the two counts he wanted me found guilty of". He contends that his counsel and the States Attorney conspired to suppress evidence concerning the illegal search, to his prejudice.

The charges made by the applicant are contained in his brief, and are not sworn to.

It is quite possible that the judge asked the States Attorney on which counts he pressed for a conviction, and the judge convicted him under two counts in the indictment and found him not guilty of the remaining counts. We fail to see anything sinister in, or that the judge was prejudiced by the remark attributed to him by the applicant in his brief. The remark attributed to the judge was not sworn to, nor were affidavits that the judge made such a remark filed with applicant's petition. Furthermore, if the applicant desired a review on this point he should have appealed. *Loughran v. Warden of Md. House of Correction,* 192 Md. 719, 64 A. 2d 712. See *Chinquina v. Warden,* 198 Md. 658, 80 A. 2d 612.

It appears that the applicant was tried, convicted and sentenced for crime, probably larceny. It does not appear on the record that the search and seizure complained of by the applicant was referred to in the evidence, and if he desired to introduce evidence concerning the same he was at liberty to do so. But the alleged search of the accused's home by the officers without warrant would not entitle the applicant to be released on *habeas corpus.*

State ex rel. *Bryant v. Warden,* 196 Md. 646, 74 A. 2d. 833.

There is no evidence in the record to support a conspiracy between the States Attorney and the applicant's counsel. The prisoner did not complain to the court of the action of his counsel.

*Application denied, with costs.*