## CHEEKS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 13, September Term, 1957 (Adv.).]

*Decided July 30, 1957.*

Before BRUNE, C. J., and HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

William Cheeks was tried and convicted of the crimes of robbery and larceny and sentenced by Judge Niles to a term of eight years in the Maryland House of Correction, begin-

ning December 27, 1956. Upon being denied a writ of *habeas corpus* by Judge Allen, he now makes application to appeal from that denial.

He sets forth three contentions in support of his application: (1) that his conviction and confinement are in violation of his constitutional rights; (2) that he was convicted solely on the testimony of a co-defendant, who was not a credible witness; and (3) that he is a pauper who lacks funds with which to seek a new trial or an appeal.

(1). Where, as in this case, a petitioner for a writ of *habeas corpus* does not set forth any *facts* showing how he has been deprived of constitutional rights, the mere allegation that he has been so deprived will not suffice as a basis for the granting of the writ. *Lucas v. Warden,* 209 Md. 645, 120 A. 2d 913.

(2). It is well settled that attacks on the competency, admissibility or sufficiency of the evidence cannot serve as the basis for the granting of the writ. *Snyder v. Warden,* 214 Md. 606, 133 A. 2d 924; *Thompson v. Warden,* 209 Md. 628, 120 A. 2d 200.

(3). The petitioner's allegations under (3) cannot make an application for a writ of *habeas corpus* serve as a substitute for a motion for a new trial or a direct appeal. *Walker v. Wright,* 189 Md. 290, 55 A. 2d 848.

*Application denied, with costs.*