## McCUTHEON *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 42, September Term, 1957.]

*Decided January 21, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

William McCutheon, according to his petition for a writ of *habeas corpus,* was convicted of three charges upon which he

was tried in January, 1951, in the Criminal Court of Baltimore. These were: (1) assault with intent to rape; (2) breaking and entering [burglary]; and (3) being a "rogue and vagabond." [See Code (1951), Art. 27, Sec. 576.] In July, 1957, he filed a petition for a writ of *habeas corpus* with Judge Michael Paul Smith, of the Circuit Court for Baltimore County. His petition was denied, and he seeks leave to appeal.

The applicant set up six grounds for the issuance of the writ. He treated as one ground what we state below as his second and third grounds, and we have renumbered his subsequent grounds accordingly.

First, he alleges that following his arrest, he was held and interrogated by the police without being advised of his rights. After trial and conviction the extent or legality of the initial detention cannot be raised on *habeas corpus*. *Wagner v. Warden,* 205 Md. 648, 109 A. 2d 118; *Szukiewicz v. Warden,* 213 Md. 636, 131 A. 2d 390.

Second, he asserts, without any particularization, perjury by witnesses in statements to the police and at the trial. A bald assertion of perjury, in the absence of any showing that the State knowingly used perjured testimony or conspired to defraud the accused of his rights, is not enough. *Smith v. Warden,* 213 Md. 643, 131 A. 2d 392.

Third, he claims that he was not allowed to confront the witnesses against him during the trial. This allegation, if true, would go to the regularity of the proceedings and would be available on appeal, but not on *habeas corpus*. *Hickman v. Warden,* 203 Md. 668, 99 A. 2d 730; *Tyler v. Warden,* 206 Md. 635, 109 A. 2d 919.

Fourth, he alleges that he was not allowed to have witnesses on his behalf. This also goes to the regularity of the proceedings and could have been raised on appeal, but cannot be raised on *habeas corpus*. *Ridgeley v. Warden,* 201 Md. 651, 92 A. 2d 451; *Selby v. Warden,* 201 Md. 653, 92 A. 2d 756; *Randall v. Warden,* 208 Md. 667, 119 A. 2d 712; *Snead v. Warden,* 215 Md. 595, 135 A. 2d 630; *Ex parte Harding,* 120 U. S. 782.

Fifth, the applicant asserts that he "was not given a new

trial or an appeal," though he claims to have asked the trial court for it. The filing of a motion for a new trial or an appeal is a matter of right and not one of judicial granting. *Brigmon v. Warden,* 213 Md. 628, 131 A. 2d 245. There is no allegation that the defendant lacked counsel or was unaware of his legal rights or that he filed a motion for a new trial or an order for an appeal.

Sixth, he asserts that the evidence was insufficient to warrant his conviction. We have repeatedly held that this is not a ground for the. issuance of a writ of *habeas corpus.* See, for example, *Walker v. Warden,* 210 Md. 654, 123 A. 2d 447.

Though the trial judge does not appear to have availed himself of the discretionary power conferred upon him by Section 5 of Article 42 of the Code (1951) to examine the public records in the Criminal Court of Baltimore in considering whether or not the writ should be granted, we have ascertained from these records that they would refute rather than support the applicant's petition for a writ of *habeas corpus.*

In connection with the applicant's claim that the trial court did not give him a new trial or an appeal, these records show that the accused was represented by counsel, that he filed a motion for a new trial and that he did not enter an appeal. His case thus falls squarely within the *Brigmon* case above cited. It appears that he did not press his motion for a new trial. Under the practice existing in the City of Baltimore this motion, if duly pressed, would have been heard by the Supreme Bench of Baltimore City and not by the Criminal Court; and under the usual practice the judge who presided at the trial would not have participated in hearing the motion for a new trial.

As to the applicant's contentions, that he was denied process for his witnesses and that he was deprived of the right of confrontation, both of which are stated in most general terms, it may be observed that the records of the Criminal Court show that three witnesses were summoned for the defendant, that a summons to require the production of hospital records pertaining to an examination of the prosecuting witness in the case charging assault with intent to rape was also issued

620

at the instance of the defendant and some twenty-five witnesses were summoned for the State.

In these circumstances, even if we entertained any doubt as to the correctness of the trial court's denial of the petition without a hearing, the records of the Criminal Court would seem to make it clear that a remand for a further investigation of the facts would serve no useful purpose. See *Agner v. Warden,* 203 Md. 665, 99 A. 2d 735, where the trial judge did not file a memorandum of his reasons for denying a writ, but the record contained the opinion of another judge denying a similar petition by the same applicant, and it was held unnecessary to remand the case for the filing of a memorandum by the second judge.

*Application denied, with costs.*