## BELL *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No 10, September Term, 1958.]

*Decided November 20, 1958.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Brune, C. J., delivered the opinion of the Court.

Bell applies for leave to appeal from the denial of his petition for a writ of *habeas corpus.* The petition alleges nine grounds for the issuance of the writ.

The first, second and eighth of these grounds—denial of a fair and impartial trial, denial of due process, and failure of the trial judge to protect the rights of the accused—are stated in general terms and, standing by themselves, they fail to allege specific facts which would call for the issuance of the writ. Allegations of mere generalities are insufficient. *Cheeks v. Warden,* 214 Md. 610, 133 A. 2d 925.

The third and ninth grounds allege that the testimony of two witnesses was perjured. The petitioner claims that these witnesses were known addicts to alcoholism. It does not necessarily follow that the testimony of an alcoholic is perjured.

Still less does it follow that the State knowingly used such testimony. These grounds are insufficient. *Cook v. Warden,* 215 Md. 628, 137 A. 2d 649.

The sixth ground is that the petitioner was denied the right to an appeal or to file a motion for a new trial. These are matters of right, not of judicial grace or discretion. There is no showing that he attempted to file either, and this contention is without merit. *McCutheon v. Warden,* 215 Md. 616, 619, 138 A. 2d 369; *Davis v. Warden,* 217 Md. 662, 665, 143 A. 2d 77.

The seventh ground—that counsel changed the plea of not guilty to a plea of not guilty by reason of insanity without the knowledge or consent of the applicant—is without merit. The docket entries indicate that it was an additional plea filed after a medical report relating to the applicant had been filed, not that it involved an abandonment of the plea of not guilty, and that the case went to the jury on both pleas.

The petitioner's two remaining contentions (numbered 4 and 5) relate to complaints against his counsel and the conduct of the trial. These are: (ground 4) that the petitioner was denied the right to testify in his own defense and was told to keep quiet and let his counsel speak for him; and (ground 5) that the counsel did not defend the petitioner adequately and that he stated to the trial judge (whether in connection with the sentence or otherwise does not appear) that the petitioner was so dumb and ignorant that he could not describe the colors in the American flag. Coupled with these assertions are allegations that the trial judge refused to permit the defendant to testify or to complain or protest against the action or conduct of his counsel.

The petition is actually devoted in large measure to an effort to show that the prisoner was not guilty of the offense of which he was convicted, and that he should have been acquitted on the ground of self-defense. The charge was murder, and the jury found him guilty of murder in the first degree. He was sentenced to life imprisonment. Of course, guilt or innocence cannot be retried on *habeas corpus.*

Improbable as the allegations of grounds 4 and 5 may be, they are included in the petition and they are not refuted

by the docket entries in the criminal trial, which appear to have been the only records of that trial which were before the judge who considered the petitioner's application for a writ of *habeas corpus*. The memorandum denying the petition stated as the reason for such denial only that: "The matters which you [the petitioner] set forth as the basis for your petition are those which should have been considered on appeal." Doubtless they could have been so raised. (Cf. *Jackson v. Warden*, 218 Md. 652, 146 A. 2d 438). We think, however, that under Code (1957), Article 42, Section 5, there should have been a hearing or some further investigation of the records to determine whether or not the petitioner was deprived of any constitutional right, the denial of which would render the judgment a nullity. See *Loughran v. Warden*, 192 Md. 719, 723-725, 64 A. 2d 712, *certiorari* denied 337 U. S. 908.

The case will accordingly be remanded for such determination.

> *Leave to appeal granted and case remanded for further proceedings not inconsistent with this opinion; costs to abide the result.*