TUTT *v.* WARDEN OF MARYLAND
PENITENTIARY

[H. C. 21, October Term, 1951.]

692

*Decided April 2, 1952.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

MARBURY, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from a refusal of the writ of *habeas corpus.* Applicant was convicted of burglary in the Criminal Court of Baltimore on March 23, 1943, and received a sentence of ten years. He contends that while he was sentenced on two counts, he was convicted on only one. He offers nothing to

support this assertion, and it therefore cannot be considered. *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 487. In any event, it is an irregularity in procedure which cannot be considered on *habeas corpus. Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807. Applicant also says that the evidence before the grand jury was insufficient to sustain an indictment, and the evidence before the court was insufficient to sustain a conviction, and that he has evidence which will prove he could not have committed the offense. We cannot review the evidence before the grand jury on *habeas corpus,* even if it is reviewable at all. *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712. Neither can the sufficiency of evidence to sustain a conviction, or the question of guilt and innocence be decided on *habeas corpus. Chinquina v. Warden,* 198 Md. 658, 80 A. 2d 612. Applicant also contends that he was held for five days in the police station before being brought before a magistrate, and, therefore, he was denied a speedy trial. Even if this could be so considered, it is a prerequisite that a demand must have been made for such trial, which does not appear. *Harris v. State,* 194 Md. 288, 71 A. 2d 36. Appellant also claims that he was not represented by an attorney, but does not say he was unable to employ counsel, or that he requested the court to employ counsel. These are necessary allegations for the consideration of this question. *Williams v. Warden,* 198 Md. 689, 85 A. 2d 464. Applicant also complains of an illegal search and seizure by the police. This is not a matter which can be passed upon on *habeas corpus. Cullings v. Warden,* 198 Md. 670, 81 A. 2d 645.

*Application denied with costs.*