BILLMAN *v.* WARDEN OF MARYLAND
PENITENTIARY

[H. C. No. 24, October Term, 1950.]

*Decided March 21, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS,
GRASON, HENDERSON and MARKELL, JJ.

MARKELL, J., delivered the opinion of the Court.

This is an application for leave to appeal from denial
of a writ of *habeas corpus.* Petitioner is imprisoned
under sentence for ten years for attempt to rape a ten-
year old child. By the writ he seeks a new trial on the
ground that he was convicted on perjured testimony of
the child. He alleges with great particularity that some
weeks after his conviction the child confessed, first to
her mother, that her testimony was perjured, and was
given at the instigation of a named person, not a state
officer or employee. There is no charge that any state
officer or employee had any part in procuring such per-
jury or at the time of the trial knew the testimony was
perjured. At the trial petitioner was represented by
counsel, who seems later to have collected evidence of the

alleged perjury. *Hysler v. Florida,* 315 U. S. 411, 316 U. S. 642, 62 S. Ct. 688, 86 L. Ed. 932; *Mooney v. Holohan,* 294 U. S. 103, 55 S. Ct. 340, 79 L. Ed. 791. A writ of *habeas corpus* cannot serve the purpose of a new trial. If petitioner's allegations are true, redress can be had only by application to the pardoning power. *Keane v. State,* 164 Md. 685, 166 A. 410.

*Application denied, with costs.*