## SYKES *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 26, October Term, 1952.]

*Decided January 7, 1953.*

Before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Joseph R. Byrnes, of the Supreme Bench of Baltimore City.

Petitioner alleges (1) that an excessive and discriminating bond was required of him inasmuch as his bond was set at $2,500.00 while that of the two co-defendants was set at only $500.00. The setting of bail is within the sound discretion of the trial court. From the record before us, apparently the petitioner had been convicted before. He states in his brief that he had been through many Federal Courts. It has been held by this Court that the fact that bail was excessive does not void a conviction and therefore cannot be raised on *habeas corpus*. *Taylor v. Warden,* No. 21 *This Term,* 201 Md. 656, 92 A. 2d 757.

Petitioner alleges (2) that he was not given a preliminary hearing prior to trial. Appellant was indicted and tried on an indictment. A preliminary hearing is not necessary before a valid indictment can be obtained. *State ex rel. Sanner v. Warden,* 191 Md. 743, 744, 59 A. 2d 762, 763; *Cave v. Superintendent,* 198 Md. 675, 81 A. 2d 461, 462.

Petitioner alleges (3) that he was improperly defended by incompetent counsel. However, he does not allege fraud, bad faith or collusion by his attorney with any State officer, nor does he allege that he complained to the trial judge concerning his court appointed counsel. *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712, 713; *Gillum v. Warden,* 200 Md. 656, 90 A. 2d 173; *Johnson v. Warden,* 200 Md. 654, 90 A. 2d 221, 222.

Petitioner alleges (4) that he was denied the right "to have compulsory process for obtaining witnesses in his behalf". It was said in *Selby v. Warden,* No. 19, Habeas Corpus Application, This Term, 201 Md. 651, 92 A. 2d 756, "* * * the allegation that petitioner was denied the right to have compulsory process for obtaining witnesses in his favor goes only to the regularity of the proceedings, not to the jurisdiction of the

trial court. A judgment of conviction is not void for such an error, and the Court of Appeals will not order the discharge of a prisoner for such an error. *Ex parte Harding,* 120 U. S. 782, 7 S. Ct. 780, 30 L. Ed. 824." *Ridgeley v. Warden,* 201 Md. 651, 92 A. 2d 451, 452.

Petitioner alleges (5) that he was denied the right to appeal because of his poverty. In the record before us is a copy of a letter from Clayton K. Watkins, Clerk, to the petitioner in which the Clerk states that he had filed the appeal, but that there is no provision for the court to appoint an attorney for the purposes of taking an appeal in *"Forma Pauperis"*. There is nothing in the Maryland law which requires the appointment of an attorney by the Court for an appeal. Even if he were denied an appeal, this contention cannot be raised on *habeas corpus. Paff v. Warden,* 200 Md. 660, 661, 90 A. 2d 173, 174.

Appellant contends (6) that evidence presented against him was manufactured and improperly used to secure his conviction. There is nothing in the record to support this conclusion other than the allegations made by the appellant in his petition. It is well settled that the legal sufficiency of the evidence, or the question of guilt or innocence cannot be the basis for the writ of *habeas corpus. Chinquina v. Warden,* 198 Md. 658, 80 A. 2d 612, 613; *Tutt v. Warden,* 199 Md. 691, 87 A. 2d 523; *Buffington v. Warden,* 201 Md. 642, 92 A. 2d 450.

Appellant contends (7) that the police were breaking the law themselves, by arrest and illegal gathering of evidence to secure an unjust conviction of appellant. Contentions as to the manner in which evidence was obtained may be made on a motion for a new trial, or on appeal, and not on *habeas corpus. Bowen v. Warden,* 200 Md. 661, 90 A. 2d 174, 175; *Barr v. Warden,* 200 Md. 657, 90 A. 2d 216, 217; *Presley v. Warden,* No. 25 Habeas Corpus Application, This Term, 201 Md. 660, 92 A. 2d 754.

*Application denied, with costs.*