## THANOS *v.* SUPERINTENDENT, MARYLAND STATE REFORMATORY FOR MALES

[H. C. No. 27, October Term, 1953.]

*Decided May 19, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-DERSON and HAMMOND, JJ.

BRUNE, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *Habeas Corpus.* Petitioner was tried and convicted of burglary in the Criminal Court of Baltimore and was sentenced to an indeterminate term of three years in the Maryland State Reformatory for Males. Petitioner's contentions in this Court are:

(1) That the police and alleged accomplice who testi-

fied against him perjured themselves, claiming specifically that the police testified falsely that he had made an oral confession of guilt;

(2) That the evidence was insufficient to convict;

(3) That the counsel appointed by the trial court to represent him was incompetent in that he seemed to take no interest in the outcome of the case and in that he advised petitioner not to testify in his own behalf; and

(4) That the trial judge lacked impartiality by reason of the fact that he had previously tried five defendants who were apparently involved in the same crime.

No transcript of the proceedings in the trial court has been filed in this Court.

(1) and (2). "The legal sufficiency of the evidence, or the question of guilt or innocence, or the commission of perjury by witnesses, cannot be made a basis for the issuance of a Writ of *Habeas Corpus.*" *Chinquina v. Warden,* 198 Md. 658, 659, 80 A. 2d 612, 613; *Thompson v. Warden,* 198 Md. 668, 670, 81 A. 2d 596, 597. If the testimony of the witnesses against the accused was perjured, as he now charges, redress lies with the pardoning power. *Billman v. Warden,* 197 Md. 683, 79 A. 2d 540.

(3) This Court has refused to recognize the contention of ineptness, lack of diligence, or incompetency of counsel as a ground for the issuance of the writ, at least in the absence of any allegations of fraud, bad faith or collusion by defense counsel with any State official; and the application in this case does not suggest any ground for any such allegation of misconduct, nor does the petitioner appear to have made any complaint to the trial judge with regard to his court appointed counsel. *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549; *Bowen v. Warden,* 202 Md. 646, 96 A. 2d 489.

(4) This Court has recently stated that, in the absence of a constitutional or statutory provision to the contrary, the Judge who presided at the trial of a case

which is reversed on appeal and remanded for a new trial is not disqualified to retry the case. *Board of Medical Examiners v. Steward,* 203 Md. 574, 583, 102 A. 2d 248, 252. The principle sems sufficiently broad to cover the issue here raised and no convincing reason appears that would require a trial judge who had previously tried related cases involving different defendants to disqualify himself in petitioner's trial. Compare *Chernock v. State,* 203 Md. 147, 99 A. 2d 748, in which a contention that jurors were prejudiced by having heard criminal cases involving other defendants while sitting in the courtroom as spectators, was rejected.

Neither the petition nor the documents transmitted with it show that any question as to the alleged disqualification of the trial judge was raised at the trial, but it seems evident that the ground upon which this contention is now based was as well known to the petitioner then as now. If it had then been raised, and if the trial judge had declined to disqualify himself, objection could have been made and the matter could have been reviewed either on a motion for a new trial or on appeal. *Habeas corpus* is not available in these circumstances as a substitute for either. *Walker v. Wright,* 189 Md. 290, 55 A. 2d 848; *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712; *Superintendent v. Calman,* 203 Md. 414, 101 A. 2d 207. As we have indicated above, even if the question could properly be raised on this petition, we do not consider the petitioner's allegation of bias to be supported in fact.

*Application denied, with costs.*