864 A.2d 1058

**Lovell A. WHEELER**

v.

**STATE of Maryland.**

**No. 1463 Sept. Term, 2003.**

Court of Special Appeals of Maryland.

Jan. 3, 2005.

568

Brian Saccenti (George E. Burns, Jr., Stephen E. Harris, Public Defender, on brief), Baltimore, for Appellant.

Celia Anderson Davis (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellee.

Panel: MURPHY, C.J., ADKINS, SHARER, JJ.

MURPHY, C.J.

This appeal from the Circuit Court for Baltimore City presents the issue of whether that court erred or abused its discretion when it ordered that Lovell A. Wheeler, appellant, be held without bail pending trial on charges of (1) "reckless endangerment," (2) unauthorized possession of "smokeless reloading powder," and (3) failure to comply with the requirement that the powder be stored in its original containers. Appellant argues that his pretrial detention violated his federal and state constitutional rights to a "reasonable" pretrial bail because:

I.    DUE PROCESS LIMITS PRETRIAL DETENTION BASED ON DANGEROUSNESS TO DEFENDANTS CHARGED WITH A SPECIFIC CATEGORY OF EXTREMELY SERIOUS OFFENSES AND ALLOWS SUCH DETENTION ONLY WHEN THE STATE HAS PROVEN DANGEROUSNESS BY CLEAR AND CONVINCING EVIDENCE.

II.   RECKLESS ENDANGERMENT AND VIOLATIONS OF THE REGULATORY STATUTES REGARDING THE POSSESSION AND STORAGE OF SMOKELESS RELOADING POWDER ARE NOT WITHIN A SPECIFIC CATEGORY OF SERIOUS OFFENSES FOR WHICH DUE PROCESS WOULD PERMIT PRETRIAL DETENTION BASED ON DANGEROUSNESS.

III.  THE CIRCUIT COURT JUDGE ERRED BY FAILING TO EVALUATE THE STATE'S EVIDENCE UNDER THE STANDARD OF CLEAR AND CONVINCING EVIDENCE AND INSTEAD ASSUMING THAT THE STATE'S ALLEGATIONS WERE TRUE AND THAT MR. WHEELER WAS GUILTY.

For the reasons that follow, we shall affirm the ruling of the circuit court.

## Background

On July 1, 2003, subsequent to the execution of a search warrant that resulted in the seizure of explosives from appel-

lant's "inside group" rowhouse in Baltimore City, appellant was arrested and charged—by means of a District Court Statement of Charges—with (1) reckless endangerment, proscribed by MD.CODE ANN., CRIM. § 3–204 (2003), (2) possessing more than five pounds of smokeless reloading powder without having a license to do so, proscribed by the explosives regulation statute, and (3) failure to store the powder in conformity with the requirements of the explosives regulation statute.[1] On July 2, 2003, appellant appeared before a District Court commissioner, who set bail in the amount of two million dollars. On July 3, 2003, a judge of the District Court of Maryland for Baltimore City conducted a bail review hearing and affirmed the decision of the commissioner.

On July 21, 2003, in the Circuit Court for Baltimore City, appellant filed a Petition for Writ of Habeas Corpus. On July 29, 2003, in the Circuit Court for Baltimore City, the State filed four Criminal Informations charging appellant with violations of the explosives regulation statute, and with three counts of reckless endangerment.[2]

On August 12, 2003, the circuit court conducted a hearing on appellant's habeas corpus petition, concluded that appellant was entitled to a *de novo* bail review hearing, and proceeded to determine the issue of whether appellant was entitled to pretrial release. The record shows that the prosecutor proffered the following facts:

[Officers had recovered] a total of a little over 62 pounds of [smokeless] gunpowder [in appellant's home].

There were 16,000 rounds of live ammunition. There were 68,000 primer caps which is the explosive device that ignites that gunpowder in a bullet casing. There were approximately 22 operable rifles and handguns and ... numerous

---

1. That statute, then Md. Ann.Code, art. 38A, § 27B (2002), has been recodified, and effective October 1, 2003 is § 11–105 of the Public Safety article.

2. The Criminal Informations superceded the charges that had been filed in the District Court. The alleged victims of the reckless endangerment charges were three individuals who lived adjacent to appellant.

unassembled weapon components such as barrels, handles, stocks, receivers and scopes that one particular box had 81 rifle barrels.

\* \* \*

Numerous quantities of this gunpowder . . . were improperly stored in such containers such as antifreeze bottles.

\* \* \*

[A]n Army Corps of Engineers expert [ ] concluded that if approximately half of the gunpowder had detonated, "[a]ssuming that the next rowhouse is twenty feet away, the next rowhouse would be destroyed and its occupants injured or killed from the structural collapse."

Appellant presented the following information to the circuit court. He was sixty-one years old when he was arrested. He had worked full-time for the same employer for eleven years. He and his wife had lived in their present home for the last eight-and-a-half years. He had never been arrested for or convicted of a violent crime. Upon this information, the circuit court found that "no condition of bail [would] reasonably assure that the defendant [would] not pose a danger to the community," and therefore ordered that appellant be held without bail pending trial.

On October 29, 2003, appellant entered a guilty plea to one count each of reckless endangerment (CRIM. § 3–204), possession of explosives for use in firearms in excess of five pounds without a license (art. 38A, § 27B(b)), and improper storage of explosives (art. 38A, § 27B(a)). He received an aggregate sentence of five years in prison, with "all but time served" suspended upon condition that he successfully complete three years of supervised probation. He was released from custody the same day.

## Motion to Dismiss

The State has moved to dismiss this appeal because, (1) in light of appellant's release from confinement, the issues presented are moot, and/or (2) in light of appellant's pleas of

guilty, the appeal is not properly before this Court. That motion is hereby denied.

A question is moot if, at the time it is before the court, there is no longer any existing controversy between the parties, so that there is no longer any effective remedy which the court can provide. *Attorney General v. A.A. Co. School Bus,* 286 Md. 324, 327, 407 A.2d 749 (1979); *State v. Ficker,* 266 Md. 500, 506–07, 295 A.2d 231 (1972). Appellate courts generally do not decide academic or moot questions. There are, however, " 'rare instances,' " in which " 'the urgency of establishing a rule of future conduct in matters of important public concern is imperative and manifest [and requires] a departure from the general rule and practice of not deciding academic questions.' " *Mercy Hosp. v. Jackson,* 306 Md. 556, 562–63, 510 A.2d 562 (1986) (quoting *Lloyd v. Board of Supervisors of Elections of Baltimore County,* 206 Md. 36, 43, 111 A.2d 379 (1954)).

A case should not be dismissed as moot if the case "presents 'unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct,' or the issue presented is 'capable of repetition, yet evading review.' " *Committee for Responsible Dev. on 25th St. v. Mayor & City Council,* 137 Md.App. 60, 69, 767 A.2d 906 (2001) (quoting *Stevenson v. Lanham,* 127 Md.App. 597, 612, 736 A.2d 363 (1999)). The burden of persuasion necessary to establish that no condition of pretrial release will reasonably assure (1) "the appearance of the defendant as required" and/or (2) "the safety of the alleged victim" is a "matter[ ] of public concern" and "will establish a rule for future conduct." *Stevenson v. Lanham,* 127 Md.App. 597, 612, 736 A.2d 363 (1999).

The State also argues that this appeal is not properly before the Court because appellant has entered pleas of guilty to the charges. Ordinarily, the defendant who enters a guilty plea waives all procedural objections, constitutional or otherwise. *English v. State,* 16 Md.App. 439, 298 A.2d 464 (1973). If, however, it is alleged that a procedural defect in

the record of a case affected the voluntariness of the plea, we make an independent constitutional appraisal. *Id.*

## I. & II.

■ The Supreme Court has "upheld preventative detention based on dangerousness only when *limited to specially dangerous individuals and subject to strong procedural protections." Zadvydas v. Davis,* 533 U.S. 678, 690–91, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (emphasis added) (citations omitted). Appellant argues that the State's right to obtain a "hold without bail pending trial" order must be limited to a specific category of statutorily enumerated serious offenses, none of which was applicable in this case. We are persuaded, however, that it is of no consequence that the crimes with which appellant was charged are not among those enumerated in § 5–202 of the Criminal Procedure article, which creates a rebuttable presumption that defendants charged with certain serious offenses pose a "flight risk" and/or a danger to the community.[3] Moreover, because appellant was found to be too dangerous to be released, it is of no consequence that—as the circuit court expressly acknowledged—there was no indication that appellant would be unlikely to appear for trial. We therefore hold that "preventive detention" may be ordered pursuant to Md. Rule 4–216, *provided that* the judicial officer [4] is persuaded by clear and convincing evidence that no condition or combination of conditions of pretrial release can reasonably protect against the danger that the defendant presents to an identifiable potential victim and/or to the community.

---

3. Appellant was charged with reckless endangerment, which requires only a *mens rea* of recklessness, not a deliberate intention to do harm and carries only a maximum sentence of five years. The offenses regarding the storage and possession of smokeless reloading powder are regulatory in nature, with the penalty consisting of only six months.

4. A judicial officer is a judge or District Court commissioner. Rule 4–102(f).

■ An individual's "interest in liberty" is of a "fundamental nature," *United States v. Salerno,* 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), and at liberty's core is the right to be free from arbitrary confinement by bodily restraint. *Foucha v. Louisiana,* 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). While it is clear that the "preventive detention" of certain criminal defendants does not offend due process, the United States Supreme Court has not yet established a standard to be applied whenever the prosecution seeks to have a defendant held without bail. *See United States v. Deters,* 143 F.3d 577, 583 (10th Cir.1998) (citing *Salerno, supra*).

■ In *Salerno,* the Supreme Court held that the 1984 Bail Reform Act ("the Act"),[5] authorizing pretrial detention on the basis of future dangerousness, did not constitute impermissible punishment before trial. *Salerno,* 481 U.S. at 747–48, 107 S.Ct. 2095. In *State v. Blackmer,* 160 Vt. 451, 631 A.2d 1134 (1993), the Supreme Court of Vermont noted that preventive detention is subject to three due process requirements: "(1) bail cannot be denied in order to inflict pretrial punishment; (2) pretrial detention cannot be excessive in relation to the regulatory goal; and (3) the interests served by the detention must be legitimate and compelling." 631 A.2d at 1140 (citing *Salerno,* 481 U.S. at 749, 107 S.Ct. 2095).

Pretrial detention "is regulatory rather than penal in nature," and thus is often found to comport with due process because the detention "is merely incidental to some other legitimate governmental purpose." *Salerno,* 481 U.S. at 748, 107 S.Ct. 2095. The *Salerno* Court emphasized that the Act provided the defendant with a hearing in which "the Government must convince a neutral decision maker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any [identifiable] person." *Id.* at 750, 107 S.Ct. 2095 (citing 18 U.S.C.

---

5. 18 U.S.C. § 3142 (1984).

§ 3142(f)).[6] The class of persons the Act affected was narrow, and the time in pretrial detention only as long as reasonably necessary.[7] In addition, the goal of protecting the community from danger was deemed "legitimate and compelling." *Salerno, supra,* at 749, 752, 107 S.Ct. 2095.

██ Maryland Rule 4–216, in pertinent part, provides:

**(b) Defendants Eligible for Release by Commissioner or Judge.** In accordance with this Rule and Code, Criminal Procedure Article, §§ 5–101 and 5–201 and except as otherwise provided in section (c) of this Rule or by Code, Criminal Procedure Article, §§ 5–201 and 5–202, a defendant is entitled to be released before verdict on personal recognizance or on bail, in either case with or without conditions imposed, unless the judicial officer determines that no condition of release will reasonably ensure (1) the appearance of the defendant as required and (2) the safety of the alleged victim, another person, and the community.

**(c) Defendants Eligible for Release Only by a Judge.** A defendant charged with an offense for which the maximum penalty is death or life imprisonment, or with an offense listed under Code, Criminal Procedure Article, § 5–202(a), (b), (c), (d), or (e) may not be released by a District Court Commissioner, but may be released before verdict or pending a new trial, if a new trial has been ordered, if a judge

---

**6.** The Court explained that "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, ... consistent with the Due Process Clause, a court may disable the arrestee from executing that threat." *Salerno, supra,* at 751, 107 S.Ct. 2095. See also *Foucha, supra,* where the Court held that Louisiana's civil commitment statute failed due process because the individual was denied a hearing where the State must prove by clear and convincing evidence that he is demonstrably dangerous to the community. 504 U.S. at 81, 112 S.Ct. 1780.

**7.** The Court placed weight on the fact that the statute applied only to defendants suspected of a category of serious crimes, specifically enumerated in the Act. *Salerno, supra,* at 747, 107 S.Ct. 2095. The Court also relied on the restriction on detention imposed by the Speedy Trial Act, 18 U.S.C. § 3161. *Id.*

determines that all requirements imposed by law have been satisfied and that one or more conditions of release will reasonably ensure (1) the appearance of the defendant as required and (2) the safety of the alleged victim, another person, and the community.

There is nothing punitive about this rule, which—in most cases—results in the defendant's pretrial release (on his/her own recognizance, on bail, or upon some other condition or combination of conditions). There are, unfortunately, defendants who present a danger to identifiable potential victims or to the community at large. In recognition of the need for protecting the public from dangerous criminals, the General Assembly has wisely enacted § 5–202 of the Criminal Procedure article.[8] The preventive detention authorized by that

---

8. Title 5 of the Criminal Procedure Article also deals with pretrial detention. Rule 4–216(c) expressly references § 5–202 of the Criminal Procedure Article (C.P.), which prohibits the release of certain defendants on "personal recognizance." Section 5–202 puts further restrictions on pretrial release, prohibiting District Court commissioners from releasing defendants charged with certain crimes, and creating a rebuttable presumption that a defendant who is charged with enumerated crimes "will flee and pose a danger to another person or the community," and may not be released. *See* C.P. 5–202(b)(3), (c)(3), (d)(4).

The purpose of title 5 is to "rely[ ] on criminal sanctions instead of financial loss to ensure the appearance of a defendant in a criminal case...." C.P. § 5–101(a). However, it is clear from the plain language of the statute that another goal of this legislation is to protect the community from a person who may be dangerous if released prior to trial. *See* C.P. § 5–202. The purpose of Rule 4–216 is to provide defendants with pre-trial release, except under certain circumstances. The Rule does not specify, however, which charged offenses make a defendant a presumed threat and hence encourage detention. When statutes and rules relate to the same subject matter or share a common purpose, they should be read together. *Cooper v. Sacco*, 357 Md. 622, 629, 745 A.2d 1074 (2000) (citations omitted). The Rule and the statute together create a scheme that guides judges and judicial officers in their decision whether and under what conditions to release a defendant, while giving them flexibility to ensure (1) a defendant shows up at trial and (2) the safety of the victim and/or community. The scheme creates rebuttable presumptions that defendants charged with certain offenses are too much of a risk to society to be released, but also allows judicial officers some degree of discretion, not solely dependent on the charged offense, whether to release a defendant if that judicial officer has been

statute, and implemented by Rule 4–216, is not excessive in relation to its obvious goals of ensuring a defendant's appearance at trial and/or protecting the community from a dangerous person.

After the judicial officer has concluded that there is probable cause to believe that the defendant committed the offense with which the defendant has been charged,[9] Rule 4–216(d)(1) requires that the judicial officer proceed to determine whether the defendant should be released pending trial. In making this determination, the judicial officer is required to consider (among other factors) the "[t]he recommendation of the State's Attorney;" 4–216(d)(1)(E), "[i]nformation provided by defendant's counsel;" (d)(1)(F), "[t]he danger of the defendant to the alleged victim, another person, or to the community;" (d)(1)(G), and "[t]he danger of the defendant to himself or herself;" (d)(1)(H). If the judicial officer determines that the defendant should not be released pending trial, the reasons for that determination must be stated in writing or on the record. Rule 4–216(d)(2).

Under Maryland Rule 4–216(f), a defendant denied pretrial release by a District Court commissioner receives a review hearing conducted by a District Court judge. If the judge who conducts that review also determines that the defendant should not be released, the judge must—in writing, or on the record—state the reasons why continued detention is necessary. Rule 4–216(f). Rule 4–216(h) provides:

> After a charging document has been filed, the court, on motion of any party or on its own initiative and after notice and opportunity for hearing, may revoke an order of pretrial release or amend it to impose additional or different conditions of release. If its decision results in the detention

---

persuaded by clear and convincing evidence that the person is a danger to society.

9. Unless arrested on a warrant, the defendant must be released on personal recognizance if the judicial officer concludes that the Statement of Charges does not establish probable cause to believe that the defendant committed the offense. Rule 4–216(b).

of the defendant, the court shall state the reasons for its action in writing or on the record. A judge may alter conditions set by a commissioner or another judge.

The detention continues only until the time of trial, a time period that is strictly limited in duration by the "speedy trial" requirements of Rule 4–271. Furthermore, to "eliminate unnecessary detention,"

the Court shall exercise supervision over the detention of defendants pending trial. It shall require from the sheriff, warden, or other custodial officer a weekly report listing each defendant within its jurisdiction who has been held in custody in excess of seven days pending preliminary hearing, trial, sentencing, or appeal. The report shall give the reason for the detention of each defendant.

Rule 4–216(i).

The government's interest in community safety is "legitimate and compelling." *Salerno, supra,* 481 U.S. at 749, 752, 107 S.Ct. 2095. The conditions of pretrial detention under Rule 4–216 are strictly tailored to protect the community without unduly restricting the defendant's liberty interest. We are persuaded, however, that "preventive detention" may not be ordered unless the judicial officer is persuaded by clear and convincing evidence that no condition or combination of conditions of pretrial release can reasonably protect against the danger that the defendant poses to the safety of an identifiable person or to the community at large.

■■■■■ The requirement that the court be persuaded by "clear and convincing evidence" of the danger a defendant presents is a strong procedural protection. "In cases involving individual rights, whether criminal or civil, [t]he standard of proof [at a minimum] reflects the value society places on individual liberty." *Addington v. Texas,* 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (citations omitted). "[L]iberty is the norm, and detention prior to trial ... is the carefully limited exception." *Salerno,* 481 U.S. at 755, 107 S.Ct. 2095. Although the clear and convincing standard does not require proof necessary for a court to be persuaded

beyond a reasonable doubt, it does require a court to be persuaded by more than a mere preponderance of the evidence that the defendant is a danger to the community.

### III.

It is often stated that "[t]he setting of bail is within the sound discretion of the trial court." *See e.g., Sykes v. Warden,* 201 Md. 662, 662, 93 A.2d 549, *cert. denied,* 345 U.S. 937, 73 S.Ct. 799, 97 L.Ed. 1364 (1953). While that statement is accurate with respect to the judicial officer's selection of appropriate conditions of release, the decision to impose "preventive detention" does not involve the exercise of "discretion." As stated above, "preventive detention" based on the fact that the defendant poses a danger, requires proof of that fact by "clear and convincing" evidence. Unless persuaded by clear and convincing evidence that the defendant is a danger to another person or to the community, a judicial officer does not have "discretion" to conclude that the defendant is too dangerous to be released pending trial. We shall therefore determine whether the circuit court was clearly erroneous in finding that appellant was too dangerous to be released pending trial. The ultimate disposition of charges is of no consequence to this determination, which requires that we analyze the information presented to the circuit court during appellant's bail hearing.

Appellant now argues that the circuit court should not have "assumed" that the State's proffer of evidence was "true." That argument, however, was never presented to the circuit court. Appellant had a full and fair opportunity to challenge the State's allegations, with which appellant agreed when he entered his guilty pleas.

According to appellant, the information presented at the August 12, 2003, hearing was insufficient as a matter of law to persuade a reasonable trier-of-fact by "clear and convincing" evidence that appellant was too dangerous to be released. We are persuaded, however, that the information presented to the circuit court was sufficient to establish by clear and convincing

evidence that no condition or combination of conditions would reasonably assure the safety of the persons residing in the rowhouses adjacent to appellant's residence. We therefore hold that the circuit court did not err in concluding that appellant should be held without bail pending trial.

**ORDER THAT APPELLANT BE HELD WITHOUT BAIL PENDING TRIAL AFFIRMED; APPELLANT TO PAY THE COSTS.**